IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:17-cv-4699- TWP-MPB |
| | ) |
| COSTCO WHOLESALE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S TRIAL EXHIBITS**

Plaintiff Karen R. Hirlston, by counsel, objects to Defendant's trial exhibits, contained in *Defendant's Exhibit List* [Dkts. 95 and 95-1] and the *Joint Exhibit List* [Dkts. 92 and 92-1], and requests the Court exclude the exhibits identified below. In support of her objections, Ms. Hirlston shows the Court as follows:

**I.    LEGAL ARGUMENT**

    **A. Exhibits 121 and 125-127, Defendant's exhibits related to Ms. Hirlston's performance, are irrelevant and therefore should be excluded.**

Multiple exhibits from Costco, including but not limited to Exhibits 121 and 125-127, are directly related to Ms. Hirlston's performance at Costco. Because Ms. Hirlston's performance is not at issue in this case, Ms. Hirlston's performance is irrelevant under Fed. R. Evid. 401. These exhibits relating to performance are also likely to confuse or mislead the jury on the claims at issue at trial. Fed. R. Evid. 403. Accordingly, all exhibits related to Ms. Hirlston's performance should be excluded in their entirety.

Ms. Hirlston's failure to reasonably accommodate claim as well as her retaliation claim are solely related to her request for reasonable accommodations. Her performance is irrelevant to the questions before the jury. The only questions before the jury on the failure to accommodate claim are whether:

(1) Ms. Hirlston has a disability;

(2) Ms. Hirlston was qualified to perform her job;

(3) Ms. Hirlston requested an accommodation;

(4) Costco knew of Ms. Hirlston's disability;

(5) A reasonable accommodation would have allowed Ms. Hirlston to perform the essential functions of her job; and

(6) Costco failed to provide a reasonable accommodation.

(Seventh Circuit Pattern Instructions 4.03) (modified); *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1060–61 (7th Cir. Ind. 2014). *See also* Committee's Comments to Pattern Civil Jury Instruction No. 4.03(b).

The only questions before the jury on the retaliation claim are whether Costco would still have demoted Ms. Hirlston if she had not requested accommodations but everything else had been the same, and whether Costco's decision to demote Ms. Hirlston would not have occurred in the absence of—but for—Ms. Hirlston's requests for accommodation. (Seventh Circuit Pattern Civil Jury Instruction No. 3.02 (*modified); See also* Fifth Circuit Pattern Jury Instruction No. 11.11(B)). Thus, Ms. Hirlston's performance has no relation to Ms. Hirlston's failure to accommodate and/or retaliation claims. Accordingly, Exhibits 121 and 125-127 should be excluded.

    **B.**    **The Court should exclude Exhibits 116-120 and 129-130 – exhibits relating to potential jobs at Costco – because they are irrelevant and hearsay testimony that are without foundation and would be confusing and misleading to the jury.**

Multiple exhibits from Costco, including but not limited to Exhibits 116-120 and 129-130, relate to potential jobs at Costco. These potential jobs, however, do not relate to Ms. Hirlston's claims. The only jobs that relate to Ms. Hirlston's claims are the Optical Department Manager position (from which Costco placed Ms. Hirlston on a forced leave of absence) and the Hearing Aid Assistant/Apprentice position (a position to which Costco demoted Ms. Hirlston). These exhibits are also likely to confuse the issues, mislead the jury and/or unfairly prejudice Ms. Hirlston. Fed. R. Evid. 401, 403. Costco has also not established any foundation for using Exhibits 116-120 and 129-130 due to this lack of relevancy. Fed. R. Evid. 901. Thus, the Court should exclude Exhibits 116-120 and 129-130 as irrelevant and because they are likely to confuse the issues, mislead the jury, and/or unfairly prejudice Ms. Hirlston.

    **C.**    **The Court should exclude Exhibits 102-107, 113-115 and 128 – exhibits relating to the Hearing Aid Assistant/Apprentice position – because they are irrelevant and hearsay testimony that are without foundation and would be confusing and misleading to the jury.**

Multiple exhibits from Costco, including but not limited to Exhibits 102-107, 113-115 and 128, relate to Ms. Hirlston's position as a Hearing Aid Assistant/Apprentice. These exhibits, however, do not relate to Ms. Hirlston's claims as it is undisputed that Ms. Hirlston received the Hearing Aid Assistant/Apprentice position. For example, an email from Ms. Hirlston to William Kaufman (Exhibit 107) accepting the position as the Hearing Aid Assistant/Apprentice is irrelevant as it is undisputed by either party that Ms. Hirlston serves

in this position. These exhibits are also likely to confuse the issues, mislead the jury and/or unfairly prejudice Ms. Hirlston. Fed. R. Evid. 401, 403. Costco has also not established any foundation for using Exhibits 102-107, 113-115 and 128 based on this lack of relevancy. Fed. R. Evid. 901. Thus, the Court should exclude Exhibits 102-107, 113-115 and 128 as irrelevant, and likely to confuse the issues, mislead the jury, and/or unfairly prejudice Ms. Hirlston.

> **D.  The Court should exclude Exhibits 108-112 – exhibits relating to FMLA requests – because they are irrelevant and hearsay testimony that are without foundation and would be confusing and misleading to the jury.**

Multiple exhibits from Costco, including but not limited to Exhibits 108-112, relate to Ms. Hirlston's requests for FMLA leave. These exhibits, however, do not relate to Ms. Hirlston's claims as Ms. Hirlston has no claims relating to the FMLA. Some of these exhibits are also unsigned, outside any relevant time period and/or duplicates of other documents. For example, Exhibits 108 and 109 are unsigned documents relating to a request for FMLA leave. Exhibits 111 and 112 are not only outside the relevant time period (these are dated in 2014), but they are duplicates of each other.

These exhibits are also likely to confuse the issues, mislead the jury and/or unfairly prejudice Ms. Hirlston. Fed. R. Evid. 401, 403. Costco has also not established any foundation for using Exhibits 108-112 based on this lack of relevancy. Fed. R. Evid. 901. Thus, the Court should exclude Exhibits 108-112 as irrelevant, and likely to confuse the issues, mislead the jury, and/or unfairly prejudice Ms. Hirlston.

> **E.  The Court should exclude Exhibits 122-124 – exhibits outside any relevant time period – because they are irrelevant and hearsay testimony that are without foundation and would be confusing and misleading to the jury.**

Multiple exhibits from Costco, including but not limited to Exhibits 122-125, are irrelevant documents dated 2009, 2010 and 2013. These exhibits, however, do not relate to Ms. Hirlston's claims as Ms. Hirlston did not request a reasonable accommodation from Costco until late 2014. Furthermore, Exhibit 122 is identified as a "New Hire Orientation Checklist" with a bates number of Costco 00128, but Costco 00128 is a voided check of Ms. Hirlston's – not a "New Hire Orientation Checklist." These exhibits are also completely irrelevant to any claims. For example, Exhibit 123 includes Employee Agreement Acknowledgements from 2009, 2010 and 2013 that have no relevancy to Ms. Hirlston's request for a reasonable accommodation.

These exhibits are also likely to confuse the issues, mislead the jury and/or unfairly prejudice Ms. Hirlston. Fed. R. Evid. 401, 403. Costco has also not established any foundation for using Exhibits 122-125 based on this lack of relevancy. Fed. R. Evid. 901. Thus, the Court should exclude Exhibits 122-125 as irrelevant, and likely to confuse the issues, mislead the jury, and/or unfairly prejudice Ms. Hirlston.

Respectfully submitted,

*s/ Jamie A. Maddox*
Kevin W. Betz, Atty. No. 14188-82
Sandra L. Blevins, Atty. No. 19646-49
Jamie A. Maddox, Atty. No. 26522-49
Courtney E. Endwright, Atty. No. 30557-49
Chad H. Holler, Atty. No. 35253-49
*Attorneys for Plaintiff Karen R. Hirlston*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of October, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, IN 46204
Phone: (317) 687-2222
Fax: (317) 687-2221
Email: litigation@betzadvocates.com