IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:17-cv-4699- TWP-MPB |
| | ) |
| COSTCO WHOLESALE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
PROPOSED VOIR DIRE QUESTIONS**

Plaintiff Karen R. Hirlston, by counsel, objects to *Defendant's Proposed Voir Dire Questions*, and respectfully requests that the Court exclude or modify the following voir dire questions. In support of her objections, Ms. Hirlston states as follows:

**DEFENDANTS' VOIR DIRE QUESTIONS**

**Question No. 11: Have you, any of your immediate family members or close friends ever had any education, special training or work experience in any aspect of retail, including stocking, administrative, clerical or supervisory duties, or any other service-oriented work experience?**

Ms. Hirlston objects to Voir Dire Question No. 11 because Ms. Hirlston did not perform any "stocking," and because the terms "any aspect of retail" and "any other service-oriented work experience" are overly broad and irrelevant. Thus, "stocking," "any aspect of" and "any other service-oriented work experience" should be stricken from Question No. 11, so Question No. 11 states: **Have you, any of your immediate family members or close**

friends ever had any education, special training or work experience retail, including administrative, clerical or supervisory duties?

**Question No. 19: Have you ever had the authority to fire or discipline employees?**

Ms. Hirlston objects to Voir Dire Question No. 19 because Ms. Hirlston was not terminated from Costco. Any juror's authority to fire or discipline employees is wholly irrelevant to Ms. Hirlston's case. Question No. 19 should be stricken in its entirety.

**Question No. 21: Have you ever belonged to a trade union or a work-related organization? If so, please describe. Did you hold any office?**

Ms. Hirlston objects to Voir Dire Question No. 21 because unions and/or work-related organizations have no relevance whatsoever to this case. Ms. Hirlston was/is not a union member or a member of a work-related organization. Thus, Question No. 21 is wholly irrelevant as well as misleading to the jury. In addition, Question No. 21 is unfairly prejudicial to Ms. Hirlston because Defendant is trying to suggest that Ms. Hirlston is a union member and/or a member of a work-related organization, which may be objectionable to certain potential jurors. Question No. 21 should be stricken in its entirety.

**Question No. 27: Have you, an immediate family member or close friend ever taken a disability leave from work due to any type of physical, emotional or stress-related problem?**

    a. If yes, were you, your family member or friend satisfied with how your/their employer handled the request for a leave of absence?

    b. If yes, were you, your family member or friend satisfied with how your/their employer handled your return to work after your leave?

Ms. Hirlston objects to Voir Dire Question No. 27. The Court should exclude Question No. 27 in its entirety because it is argumentative, prejudicial, irrelevant, compound and confusing. Question No. 27 asks the jurors to pre-judge the evidence in this case, and makes an incorrect statement of the facts involved here.

Specifically, Ms. Hirlston never "took" a disability leave of absence as suggested by Question No. 27. Instead, Costco forced Ms. Hirlston on a leave of absence. Secondly, the leave of absence did not relate to any emotional or stress-related problem. It only related to Costco's failure to reasonably accommodate Ms. Hirlston. Ms. Hirlston also never made a "request for a leave of absence" during the time frame at issue in this case. Again, this was a forced leave of absence. Accordingly, no part of Question No. 27 should be asked of the jury.

**Question No. 28: Have you, a member of your family or close friend ever experienced pain from an injury or medical condition that prevented or limited you/them from standing, walking, bending, stooping, squatting, lifting, pulling or pushing?**

    a. **If yes, what was the cause of the pain?**

    b. **How long did it last?**

    c. **Did it affect your/their ability to do their jobs?**

Ms. Hirlston objects to Voir Dire Question No. 28 because Question No. 28 is confusing, compound, argumentative, and prejudicial. Question No. 28 also improperly presents a distorted view of the merits of this case. Furthermore, any cause of any juror's pain does not relate to any claims in this case. Accordingly, no part of Question No. 28 should be delivered to the jury. Thus, the Court should exclude Question No. 28.

**Question No. 29**: Have you ever suffered from chronic back pain or some other type of chronic pain?

    a. If so, what caused the pain?

    b. What effect, if any, did it have on your ability to do your job?

Ms. Hirlston objects to Voir Dire Question No. 29 because Question No. 29 is confusing, compound, argumentative, and prejudicial. Question No. 29 also improperly suggests a distorted view of the merits of this case. Furthermore, any cause of any juror's pain does not relate to any claims in this case. Accordingly, no part of Question No. 29 should be delivered to the jury. Thus, the Court should exclude Question No. 29.

**Question No. 30: Have you ever been terminated or laid off from a position by your employer?**

Ms. Hirlston objects to Voir Dire Question No. 30 because Ms. Hirlston was not terminated or laid off from Costco. Thus, any juror's history of being terminated and/or laid off is wholly irrelevant to Ms. Hirlston's case. Question No. 30 should be stricken in its entirety.

**Question No. 31: Have you, a member of your family or close friend ever felt that you/they were wrongfully or unfairly discharged from employment? Please explain.**

Ms. Hirlston objects to Voir Dire Question No. 31, because Ms. Hirlston was not discharged from Costco. Thus, any juror's history of being discharged is wholly irrelevant to Ms. Hirlston's case. Question No. 31 should be stricken in its entirety.

**Question No. 32: Have you ever had a bad relationship with your manager at your workplace? Please explain.**

Ms. Hirlston objects to Voir Dire Question No. 32 because Question No. 32 is irrelevant, argumentative, and prejudicial. Question No. 32 also improperly suggests facts not at issue in this case. Ms. Hirlston did not file this lawsuit against Costco because of a bad relationship with her manager. Question No. 32 is phrased in such a manner as to raise questions about the merits of Ms. Hirlston's claims. Thus, Question No. 32 should be stricken in its entirety.

**Question No. 33: Have you or an immediate family member ever felt that any complaint you/they made to an employer concerning employment-related issues was not taken seriously or investigated properly?**

Ms. Hirlston objects to Voir Dire Question No. 33 because Question No. 33 is irrelevant, argumentative, and prejudicial. Question No. 33 also improperly suggests facts not at issue in this case. Ms. Hirlston did not file this lawsuit against Costco because she was angry that a complaint was not taken seriously. Ms. Hirlston requested reasonable accommodations for her disabilities. Question No. 33 is phrased in such a manner as to raise questions about the merits of Ms. Hirlston's claims. Thus, Question No. 33 should be stricken in its entirety.

**Question No. 34: Have you ever been falsely accused of discrimination, harassment or retaliation by a co-worker or subordinate?**

Ms. Hirlston objects to Voir Dire Question No. 34 because Question No. 34 is irrelevant, argumentative, and prejudicial. Question No. 34 is also phrased in a manner designed to raise questions about the validity of Ms. Hirlston's claims by suggesting that Ms. Hirlston has falsely accused Costco of discrimination, harassment or retaliation. The cumulative effect of this question is to mislead the jury to believe the Court favors Costco,

and to suggest to the jury that the Court does not believe that Ms. Hirlston's claims have any merit. Question No. 34 should be stricken in its entirety.

**Question No. 37: Do you feel that just because an individual has sued a company and is taking her case to trial, she should recover at least some money?**

Ms. Hirlston objects to Voir Dire Question No. 37 because Question No. 37 is irrelevant, argumentative, and prejudicial. The Court should exclude Question No. 37 because it improperly suggests directs the jury as to the merits of the case, and will suggest to the jury that the Court does not believe that Ms. Hirlston's claims have any merit. Question No. 37 is phrased in such a manner as to raise questions about the merits of Ms. Hirlston's claims. Accordingly, Question No. 37 should be stricken in its entirety.

**Question No. 38: In this case, Plaintiff Karen Hirlston alleges that Costco discriminated against her because of her disability by failing to provide her with a reasonable accommodation, and retaliated against her for requesting an accommodation. If you conclude that the evidence does not support Ms. Hirlston's claims, is there any reason why you would be reluctant, hesitant, or unwilling to find in Costco's favor?**

Ms. Hirlston objects to Voir Dire Question No. 38 because Question No. 38 is compound, confusing, irrelevant, argumentative, and prejudicial. The Court should exclude Question No. 38 because it improperly suggests facts not at issue in this case, and implies to the jury that the Court does not believe that Ms. Hirlston's claims have any merit. Question No. 38 is phrased in such a manner as to raise questions about the merits of Ms. Hirlston's claims. Accordingly, Question No. 38 should be stricken in its entirety.

WHEREFORE, Plaintiff Karen R. Hirlston, by counsel, objects to *Defendant's Proposed Voir Dire Questions*, and respectfully requests that the Court exclude or modify the foregoing voir dire questions. Ms. Hirlston further prays for all other just and proper relief.

Respectfully submitted,

*s/ Jamie A. Maddox*
Kevin W. Betz, Atty. No. 14188-82
Sandra L. Blevins, Atty. No. 19646-49
Jamie A. Maddox, Atty. No. 26522-49
Courtney E. Endwright, Atty. No. 30557-49
Chad H. Holler, Atty. No. 35253-49
*Attorneys for Plaintiff Karen R. Hirlston*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, IN 46204
Phone: (317) 687-2222
Fax: (317) 687-2221
Email: litigation@betzadvocates.com