IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:17-cv-4699- TWP-MPB |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTION TO COSTCO'S DESIGNATION
OF DEPOSITION TRANSCRIPTS**

Plaintiff Karen R. Hirlston, by counsel, objects to Defendant Costco Wholesale Corporation's ("Costco") reliance on deposition transcripts in lieu of live testimony, and respectfully requests that the Court exclude the following deposition excerpts. In support of her objections, Ms. Hirlston states as follows:

**I.     Karen Hirlston and Mike Donaldson**

The Court should prohibit Costco from relying on the deposition transcripts of Karen Hirlston and Mike Donaldson because both counsel for Ms. Hirlston and counsel for Costco are calling Ms. Hirlston and Mr. Donaldson as live witnesses at the trial. *See* Dkts. 87 and 90. The United States Supreme Court has held that there is a "preference for live testimony," especially "because of the importance of cross-examination, 'the greatest legal engine ever invented for the discovery of truth.'" *White v. Illinois*, 502 U.S. 346, 356 (1992) (quoting *California v. Green*, 399 U.S. 149, 158 (1970)). There is also a strong public policy in Indiana for obtaining testimony from live witnesses. *See* Ind. Code § 34-47-3-3 (providing

that influencing or attempting to influence anyone from providing testimony is "indirect contempt of the court in which such witness may be called to testify"). Based on the above, the Court should exclude all deposition designations of Ms. Hirlston and Mr. Donaldson.

## II.  Wendy Padgett

If Costco plans to call Wendy Padgett as a witness at the trial, the Court should prohibit Costco from relying on the deposition transcript of Ms. Padgett because Ms. Padgett should be available to provide live testimony at trial. As discussed above, the United States Supreme Court has held that there is a "preference for live testimony," especially "because of the importance of cross-examination, 'the greatest legal engine ever invented for the discovery of truth.'" *White*, 502 at 356 (quoting *Green*, 399 at 158). There is also a strong public policy in Indiana for obtaining testimony from live witnesses. *See* Ind. Code § 34-47-3-3 (providing that influencing or attempting to influence anyone from providing testimony is "indirect contempt of the court in which such witness may be called to testify").

If Costco does not call Ms. Padgett was a live witness, the Court should exclude all of Ms. Padgett's deposition designations. Specifically, Ms. Hirlston objects to the following deposition designations as they relate to Ms. Hirlston's performance and alleged discipline: 13:3-14:5; 15:3-10; 19:2-22:5; 22:11-23:24; 26:9-29:21; 31:22-32:12; 32:24-33:11; 34:6-17; 35:10-36:15; 43:13-44:5; 50:20-52:13; 54:6-16; 55:17-57:19; and 59:18-60:20. Ms. Hirlston's performance and alleged discipline are the subject of Ms. Hirlston's *Second Motion in Limine*. [Dkt. 88 at 2-3]. Because Ms. Hirlston's performance and/or disciplinary history had no bearing on her request for reasonable accommodations or Costco's denial of those requested

accommodations, any deposition designations related to alleged discipline and performance are irrelevant.

Ms. Hirlston also objects to the following deposition designations as they relate generally to Costco's policy on disability discrimination and requests for reasonable accommodations: 16:15-17:8; 17:17-18:15; and 46:14-47:12. Julie Frazier, who works in Human Resources at Costco and will testify at the trial as a live witness, can testify as to the generalities of Costco's policy on disability discrimination and requests for reasonable accommodations.

Ms. Hirlston objects to the following deposition designations as they are seeking information from Ms. Padgett about what Ms. Hirlston may have requested from "anyone at [the] Castleton" Costco warehouse: 16:3-8. Ms. Padgett is without personal knowledge of what Ms. Hirlston may have requested from "anyone at Castleton." Furthermore, entering this testimony is prejudicial and likely to mislead or confuse the jury on the issues involved in this trial, as an employee is not required to request an accommodation from this particular individual at the Castleton warehouse so long as Costco was aware of the request. Indeed, a request for an accommodation is not required so long as the employer, Costco, is aware of the disability and the need for accommodation. This deposition designation would be inadmissible at trial even if Ms. Padgett were there to testify live. *See* Fed.R. Civ.Pro. 32(b) (providing that "an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying.").

Finally, Ms. Hirlston objects to the following deposition designation because, like the above, the testimony would be prejudicial and invades the province of the jury: 44:14-45:13.

Like the above, this designated testimony relates to what Ms. Padgett may or may not perceive to be a reasonable accommodation. As discussed above, an employee is not required to request an accommodation from this particular individual at the Castleton warehouse so long as Costco was aware of the request. Indeed, a request for an accommodation is not required so long as the employer, Costco, is aware of the disability and the need for accommodation. Moreover, whether a requested accommodation is reasonable is for the jury to decide, not Ms. Padgett.

Based on the above, the Court should exclude all deposition designations of Ms. Padgett.

### III. Rebuttal or Impeachment

Should the Court allow Costco to designate deposition testimony for trial, Ms. Hirlston reserves the right to designate deposition transcript excerpts of the above witnesses as necessary to rebut or impeach the portions designated by Costco.

WHEREFORE, Plaintiff Karen R. Hirlston, by counsel, objects to Costco's reliance on deposition transcripts in lieu of live testimony of available witnesses, and respectfully requests that the Court exclude other deposition excerpts discussed above. Ms. Hirlston further prays for all other just and proper relief.

Respectfully submitted,

*s/ Jamie A. Maddox*
Kevin W. Betz, Atty. No. 14188-82
Sandra L. Blevins, Atty. No. 19646-49
Jamie A. Maddox, Atty. No. 26522-49
Courtney E. Endwright, Atty. No. 30557-49
Chad H. Holler, Atty. No. 35253-49

*Attorneys for Plaintiff Karen R. Hirlston*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, IN 46204
Phone: (317) 687-2222
Fax: (317) 687-2221
Email: litigation@betzadvocates.com