# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

KAREN R. HIRLSTON,

             Plaintiff,

      v.

COSTCO WHOLESALE CORPORATION,

             Defendant.

Case No. 1:17-cv-4699-TWP-MPB

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendant Costco Wholesale Corporation ("Costco"), by and through its attorneys, Seyfarth Shaw LLP, respectfully submits the following response to Plaintiff Karen Hirlston's Exhibit List (Plaintiff's) (ECF No. 91).

Costco notes that it stipulated to twenty of Plaintiff's proposed exhibits; it also proposed to stipulate to Plaintiff's proposed exhibits that related to her salary and/or hourly wage rate, but did not receive a response from Plaintiff regarding whether she would accept Costco's proposed stipulations.

The remainder of Costco's objections to Plaintiff's proposed exhibits are appropriately addressed to, and ruled on by, the Court during trial. Just by way example, *if* Plaintiff can establish the foundation for Plaintiff's proposed Exhibit 45, overcome the hearsay objection Costco intends to make to that exhibit, and establish the relevance of this proposed exhibit to the facts to be decided by the jury, Costco would either waive the objections stated in Plaintiff's list [ECF No. 91] or accept for purposes of the trial, the Court's ruling on its objections to that exhibit. Similarly, each of Costco's objections to Plaintiff's remaining proposed exhibits should be dealt with by the Court in the same manner.

In light of this, Costco stands on the objections noted to Plaintiff's proposed Exhibit list and does not waive its ability to object to admission of these exhibits at trial. Rather, Costco will seek the Court's direction at trial as to whether Plaintiff has carried her burden at trial to establish the exhibit to be both admissible and relevant.

In contrast, Plaintiff has made "objections" to whole groups of Costco's exhibits in advance of trial, *see e.g.*, ECF No. 100, and mischaracterizes documents to support their argument. For example, Defendant's Exhibit 121 (Hirlston's acknowledgment of Costco's Manager's Standard of Ethics) is not an exhibit "related to …[her] performance." (ECF No. 100, p. 1). Plaintiff asks the Court to make a pre-trial ruling as to the admissibility of an exhibit without the full context of why that document is relevant or admissible, and without understanding the purpose for which Costco intends to use a specific exhibit at trial. Accepting Plaintiff's whole cloth "objection" robs Costco of the opportunity to present its case in the manner it deems appropriate. The Court's April 18, 2018 scheduling order does not invite the parties to reply to the objections to these PreTrial filings. But before ruling on these motions, Costco asks the Court to allow argument on why a ruling on the admissibility of any of Costco's exhibits in advance of trial is unwarranted. Alternatively, the Court should take up each exhibit and the admissibility and relevance of each exhibit during the trial.

WHEREFORE, and for the reasons set forth above, Costco reaffirms and reiterates its objections set forth in both the Plaintiff's and in the duplicate portion of the Joint Exhibit List. In doing so, Costco does not waive any objection to those Exhibits and does not waive its intent to seek the Court's determination of any non-stipulated exhibit's admissibility and relevance during the trial of this matter.

DATED:  October 7, 2020

Respectfully submitted,
COSTCO WHOLESALE CORPORATION

By:    */s/ Erin Dougherty Foley*
      One of Its Attorneys


Erin Dougherty Foley *(admitted to S.D. Ind. 11/20/2018)*
Sara Eber Fowler *(admitted to S.D. Ind. 9/21/2020)*
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:      (312) 460-5000
Facsimile:      (312) 460-7000
*Attorneys for Defendant*
COSTCO WHOLESALE CORPORATION

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 7, 2020, a copy of the foregoing was served by electronic filing. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Erin Dougherty Foley*
_____