UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-04699-TWP-MPB |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTIONS *IN LIMINE*

This matter is before the Court on Motions *in Limine* filed by Plaintiff Karen R. Hirlston ("Hirlston") (Filing No. 88) and Defendant Costco Wholesale Corporation ("Costco") (Filing No. 79; Filing No. 80; Filing No. 81; Filing No. 82; Filing No. 83; Filing No. 84; Filing No. 85). Hirlston sued Costco for purportedly (1) discriminating against Hirlston based on her disabilities and (2) retaliating against Hirlston after she requested accommodations, both violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101. Following the Court's denial of Costco's Motion for Summary Judgment, this case is now set for a jury trial on November 9, 2020. For the following reasons, Hirlston's Motion *in Limine* is **granted in part and denied in part**, and Costco's Motions *in Limine* also are **granted in part and denied in part**.

### I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–

01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Hirlston and Costco filed Motions *in Limine* asking the Court to make pretrial determinations about the admissibility of particular evidence or argument. The Court will address each Motion in turn.

### A. Hirlston's Motion *in Limine*

#### 1. Disabilities of Hirlston's children

Hirlston asks the Court to exclude evidence or testimony about her children's disabilities, namely that they suffer from autism (Filing No. 88 at 1–2). She avers that not only is this evidence irrelevant under Federal Rule of Evidence 402 because it is "entirely unrelated" to her case, but also that its admission would mislead the jury and unfairly prejudice her under Rule 403. *Id.* In response, Costco argues that care for her three sons—now between ages 17 and 25—could serve as other potential causes for the "alleged emotional distress caused by Costco." (Filing No. 103 at 1–2.) Costco argues that, "Hirlston cannot simultaneously ask the jury to award her damages for alleged emotional distress, but hold 'off limits' certain areas of her life that could have reasonably caused or contributed to her mental or emotional state." *Id.* at 2.

The Court is persuaded by Costco's argument. Hirlston seeks damages for emotional distress, so other possible causal factors should come before the jury for evaluation. Evidence about the level of care and support Hirlston must provide her three disabled children—and the possible resulting effect it has on her mental health—is relevant to the extent that Hirlston's emotional distress was caused by potential stressors at home rather than by Costco. Because the

Court cannot conclude that evidence about the disabilities of Hirlston's children is clearly not admissible for any purpose, Hirlston's Motion *in limine* is **denied**.

### 2. Hirlston's work discipline

Hirlston asks the Court to exclude evidence or testimony about her disciplinary history at Costco (Filing No. 88 at 2–3). Hirlston asserts, any "performance and/or disciplinary history had no bearing on her request for a reasonable accommodation," and thus this evidence is irrelevant under Rule 402. *Id.* at 2. What's more, Hirlston argues, the admission of any *undisclosed* discipline would unfairly prejudice her by impeding the presentation of her case, as well as confuse the jury, under Rule 403. Finally, Hirlston urges that any disciplinary history acts as prohibited character evidence under Rule 404. Because Costco does not oppose this request and merely asks that Hirlston also be barred from introducing this evidence, (Filing No. 103 at 3), Hirlston's Motion *in limine* is **granted**.

### 3. Hirlston's leave of absence

Hirlston asks the Court to exclude evidence or testimony about her unrelated leave of absence from Costco that began in September 2019 following surgery on her arm (Filing No. 88 at 3). She argues that evidence of her continued leave of absence is irrelevant under Rule 402 because it "had no bearing on her request for a reasonable accommodation in 2015." *Id.* at 4. Further, Hirlston contends, admission of this evidence "would be unfairly prejudicial by misleading the jury and confusing the issues" under Rule 403. *Id.* Finally, she argues this evidence is inadmissible character evidence. *Id.* In response, Costco argues that *excluding* this evidence would confuse jurors because doing so would bar the parties "from making necessary contextual references or time-line benchmarks for the jury." (Filing No. 103 at 4.) Additionally, Costco avers that it "should be permitted to make mention of the fact that Hirlston has been unable to work since

3

September 2019 in order to rebut her" request for any ongoing damages. *Id.* Moreover, evidence of this medical leave would, Costco contends, show that "it appropriately engaged with Hirlston in accordance with its usual policies and practices." *Id.*

The Court concludes that prohibiting reference to Hirlston's ongoing leave would unnecessarily engender confusion by muddying questions about her current work status. As Costco notes, "while Hirlston is employed by Costco, it would be inaccurate for her to suggest to the jury that she is currently working." *Id.* And this leave placement may be relevant to show that Costco, in 2015–2016, "engaged with Hirlston in accordance with its usual policies and practices," *id.*, by showing that it placed Hirlston again on medical leave in 2019 when she was unable to perform her job duties as assigned. Because the Court cannot conclude that evidence about her ongoing leave is clearly not admissible for any purpose, Hirlston's Motion *in limine* is **denied**.

### 4. Hirlston's prior involvement in lawsuits

Hirlston asks the Court to exclude evidence or testimony about her involvement with previous lawsuits, namely "[1] a bankruptcy filing from over eleven (11) years ago; [2] a civil collection action that was dismissed more than five (5) years ago; [3] a guardianship action that was filed by Ms. Hirlston more than eight (8) years ago relating to one of her sons with a disability; [4] a small claims action filed against Ms. Hirlston more than eleven (11) years ago; and [5] a mortgage foreclosure action from 2013." (Filing No. 88 at 5.) Because "none of these lawsuits relate in any way" to her allegations against Costco, she argues, they are irrelevant under Rule 402. Additionally, their admission, Hirlston asserts, would unfairly prejudice her and mislead the jury under Rule 403 and serve as impermissible character evidence under Rule 404. *Id.* In response, Costco does not object to the motion regarding the eleven-year-old bankruptcy and small claims actions because they "relate to legal matters long before the events giving rise to this lawsuit."

4

(Filing No. 103 at 5.) And while Costco "does not necessarily intend to raise Hirlston's other legal actions," it argues that suits ongoing during the events at issue here may serve as additional "stressors in Hirlston's life that relate to her request for damages". *Id.*

Hirlston's Motion *in limine* is **granted** as to the eleven-year-old bankruptcy and small claims actions. But because the Court cannot conclude that evidence about the other three matters—namely the civil collection, guardianship, and mortgage actions—is clearly not admissible for any purpose because they, like the disabilities of her sons, may have served as stressors contributing to the purported emotional distress she endured, Hirlston's Motion *in limine* is **denied** as to those cases.

### 5. Hirlston's communications with her husband

Hirlston asks the Court to exclude evidence or testimony about her communications with her husband. She argues that because Indiana Code § 34-46-3-1 permits spouses to refuse disclosure of "communications to each other," Rule 501 bars Costco from "invad[ing] the spousal privilege." (Filing No. 88 at 6.)[1] In response, while first noting that the federal marital communications privilege provides this shield instead of state law,[2] Costco asserts that it cannot assent to this request because it "is unaware of the purpose and scope of any testimony counsel for Hirlston will elicit from Hirlston's husband". (Filing No. 103 at 6.) While Costco "does not intend to question Steve Hirlston regarding privileged communications made in confidence during his marital relationship", it asks the Court to address any specific objections at trial because of "the highly fact and context-specific nature of the marital communications privilege." *Id.* at 7.

---

[1] Hirlston cites "Fed. R. Evid. **7**01" in her motion as supplying the avenue to bar admission of communications with her husband (Filing No. 88 at 6). But Rule **5**01 instructs that "in a civil case, state law governs privilege."

[2] Indiana's statute on marital privilege "is inapplicable to this case because this case involves only federal claims," argues Costco (Filing No. 103 at 6 (citing Fed. R. Civ. P. 501)).

5

Hirlston's husband is likely to discuss a wide range of topics at trial.  The Court, then, is reticent to prematurely and broadly limit his testimony in any way.  Instead, the Court can address individual objections at trial to determine whether this narrow privilege applies.  Because the Court reserves this issue for trial, Hirlston's Motion *in limine* is **denied**.

### 6. Hirlston's residences outside of Indiana

Hirlston asks the Court to exclude evidence or testimony about her prior residence outside of Indiana ([Filing No. 88 at 7](#)).  First, she explains, her former residencies are not relevant to her lawsuit under Rule 402.  *Id.*  And second, because "some jurors may seek to protect Costco from someone seen as an outsider because of her residence in other parts of the United States", Hirlston argues that admission of her living outside the state will unfairly prejudice her under Rule 403.  *Id.*  Costco does not oppose this request ([Filing No. 103 at 7](#)).  Because Hirlston's argument is persuasive, her Motion *in limine* is **granted**.

### 7. Documents not produced during discovery

Hirlston asks the Court to exclude, as prejudicial under Rule 403, evidence or testimony about documents not produced by Costco during discovery ([Filing No. 88 at 7](#)–8).  Costco responds that this request ostensibly seeks "an assurance that the Court will enforce the applicability of discovery rules and not permit the parties to use documents at trial that should have been produced in discovery but were not."  ([Filing No. 103 at 8](#).)  To that extent, Costco does not part ways with Hirlston.  *Id.*  Costco seeks to clarify, however, that it may "present evidence not sought in discovery (and therefore not produce[d]) should it be necessary to rebut/refute inaccurate or misleading testimony that may be elicited at trial."  *Id.*  Since both parties agree to follow discovery rules and not use documents that should have been produced, Hirlston's Motion *in limine* is **granted**.

### 8. Testimony about any documents not produced during discovery

Like the request directly above, Hirlston also asks the Court to exclude, as prejudicial under Rule 403, evidence or testimony *about testimony* about documents not produced by Costco during discovery (Filing No. 88 at 8). Costco's response to the above included this separate request as well (Filing No. 103 at 8). Because the Court's rationale applies equally to this request as it does to the above, Hirlston's Motion *in limine* is **granted**.

### B. Costco's Motions *in Limine*

#### 1. Events occurring before November 3, 2015 involving Hirlston and Costco

Costco asks the Court to exclude evidence or testimony about any allegations of discrimination that occurred more than 300 days before Hirlston filed her Charge of Discrimination on August 29, 2016, which is November 3, 2015 (Filing No. 79 at 1). Because a Charge of Discrimination under the Americans with Disabilities Act, ("ADA"), must be brought within 300 days of any alleged discrimination, Costco requests that the Court bar admission of evidence that (1) Hirlston's regional manager Scott Francis ("Francis") showed motivational videos to optical managers (including Hirlston) that included people with disabilities in 2013 and 2014, (2) Hirlston was forced to climb stairs for a dinner in 2013, (3) Francis started treating Hirlston differently when she started using a cane in or around 2012, (4) Hirlston received a disciplinary action in 2014 for failing to comply with HIPAA, and (5) Hirlston requested a chair (instead of a stool) in December 2014 but did not receive that accommodation until months later in the summer of 2015. *Id.* at 5–6, 10. Because these events occurred before November 3, 2015, Costco argues, they are not relevant under Rule 402. *Id.* at 6, 10. Even so, Costco argues the admission of all this evidence would confuse the jury and unfairly prejudice Costco under Rule 403. *Id.* at 6, 10. And as for the

tardy deployment of a chair over 2014–2015, Costco argues that Hirlston will attempt to use this evidence "to further a theory that this supposed past conduct demonstrates a likelihood that Costco would ignore other requests for accommodation", violating Rule 404. *Id.* at 10.

In response, Hirlston argues the Court can consider discrimination outside the ordinary 300-day window because, when she filed her Equal Employment Opportunity Commission ("EEOC") "Charge on August 29, 2016, she noted that the discrimination she suffered was a continuing action." (Filing No. 106 at 2.)

Accusations of discriminatory conduct predating the 300-day cutoff are not relevant to this case. Even though Hirlston checked the "continuing action" box on her EEOC Charge, that notation cannot pull in events that occurred before the actionable window because "[d]iscrete discriminatory acts are not actionable if time-barred *even if they are related to timely filed charges of later acts*." *Tate v. Ancell*, No. 08-0200-DRH, 2009 WL 513751, at *5 (S.D. Ill. Mar. 2, 2009) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)) (emphasis added). Because events occurring between Hirlston and Costco before November 3, 2015 are not relevant to this case, Costco's Motion *in limine* is **granted**.

### 2. Statements that Hirlston's leave of absence was "forced" and that her job reassignment was a "demotion"

Costco asks the Court to exclude so-called "pejorative statements" calling Hirlston's leave of absence "forced" or her reassignment from optical manager to hearing aid assistant a "demotion." (Filing No. 80 at 3.) This first wording, according to Costco, could unfairly prejudice Costco under Rule 403 by denying the jury the opportunity to decide, consistent with what it argues is permissible under the ADA, whether Hirlston's leave of absence was a reasonable accommodation. *Id.* And, Costco argues, the second phrasing could also unfairly prejudice it

8

under Rule 403 by again suggesting to the jury that a reasonable accommodation under the ADA—that is, reassignment—was indeed punishment doled out to Hirlston. *Id.*

In response, Hirlston argues that dictionary definitions support her use of the words (Filing No. 107 at 2). Because Hirlston never requested to be placed on leave, this involuntary placement was necessarily "forced". *Id.* And "because Costco decreased Ms. Hirlston's salary, and because Costco moved Ms. Hirlston out of her management position," she was in fact "demoted". *Id.* at 3.

The Court recognizes that the word involuntary connotes the same meaning as forced; *see* Filing No. 107 at 2 ("Merriam-Webster defines forced as 'compelled by force or necessity: INVOLUNTARY'"). And the Court agrees that the word "demotion" may carry an adversarial implication absent from the alternative word "reassignment". However, Hirlston is allowed to apprise the jurors of the pay discrepancies and title changes following the change in her positions at Costco—and the jury can draw any reasonable inference from that information. At this stage of the proceedings, the Court is unable to determine whether the words "forced" will unfairly characterize Costco's reassigning her to the role of hearing aid assistant. Costco's Motion *in limine* regarding the word "forced" is **denied** because the Court cannot say this will unfairly prejudice Costco. Regarding the word "demotion" the Court agrees the word "demote" unfairly characterizes Costco's reassigning her to the hearing aid assistance role, and that portion of the motion *in limine* is **granted**.

### 3. Hirlston's lost wages

Costco asks the Court to exclude (1) evidence or argument before the jury about any alleged front and back pay purportedly owed Hirlston and (2) evidence or argument to the jury or Court about any wages lost after September 24, 2019 (Filing No. 81 at 1). Because "front and back pay are equitable remedies to be decided by a judge," Costco avers, "any evidence related to such

equitable relief should be heard outside of the jury's presence." *Id.* at 2. As for wages lost after September 24, 2019, because Hirlston's leave of absence starting on that date is "unrelated to the issues presented in this case," Costco avers that "she should not be permitted to recoup damages for lost wages during this time period." *Id.* at 2, 3. Moreover, "since Hirlston has not indicated when, or if, she will be able to resume work," Costco argues, any continued lost future earnings would be "purely speculative." *Id.* at 3.

For her part, Hirlston first argues that Costco impliedly consented to the jury determining lost wages when it did not object to her jury demand (Filing No. 108 at 3–4). "At the very least," Hirlston argues, "the Court should allow the jury to provide an advisory verdict" considering the timing of Costco's request. *Id.* at 5. As for any wages lost after September 24, 2019, Hirlston notes that she "is still being paid her full salary"—at the hearing aid assistant rate—while on leave. *Id.* at 6. Because "Hirlston's pay during her leave of absence is significantly less" than if she had not been reassigned roles, her lost future earnings, even while she is on an unrelated leave, are directly tied to her job reassignment. *Id.*

Front and back pay are equitable remedies, and testimony and evidence about any amount purportedly owed should be heard by the Court, not a jury. *See Williams v. Lovchik*, No. 1:09-CV-1183-TWP-DML, 2012 WL 2930773, at *1 (S.D. Ind. July 18, 2012) ("Back pay and front pay are equitable remedies to be decided by the Court, not a jury."). Costco's request to that end is **granted**. But because the portion of Costco's motion concerning any wages lost after September 24, 2019 presupposes that Hirlston is not being paid during that leave (Hirlston continues to receive pay at the hearing aid assistant rate, not the higher optical manager salary), that portion of the motion *in limine* is **denied**. The Court, considering the above resolutions, will wait to determine

whether Hirlston is entitled to this equitable relief—that is, front and back pay—until after the jury resolves issues of liability.

### 4. Lay testimony on Hirlston's medical and mental health conditions and Dr. Bowles' testimony

Costco asks the Court to exclude "Hirlston and any other lay witnesses from presenting improper opinion testimony" about Hirlston's medical and mental health conditions "and to limit the testimony of Hirlston's treating physician, Dr. Rachael Bowles ("Dr. Bowles"), to the scope of her treatment and diagnoses." (Filing No. 82 at 1.) First, because laypersons "cannot personally opine as to the 'causation'" of medical conditions, Costco argues that Hirlston and any other non-expert should be precluded from opining "about what actually caused (or did not cause) the alleged mental health conditions and damage for which she seeks to hold Costco liable." *Id.* at 3–4. And second, even though Dr. Bowles may testify as "to her observations, diagnosis and treatment of Hirlston for spinal arthritis and stenosis, slipped discs, disc desiccation and fibromyalgia-related issues," Costco asserts that she should be barred "from offering any type of opinion or testimony regarding what caused Hirlston's emotional or mental distress" and from rendering "an opinion about what is an essential function of Hirlston's position(s) at Costco, or what would be considered a reasonable accommodation for Hirlston." *Id.* at 4–5.

In response, Hirlston first argues that this motion "is an untimely *Daubert* Motion masquerading as a Motion in Limine." (Filing No. 109 at 1.) Because "[t]he deadline for Costco to 'limit or preclude expert testimony at trial' was April 3, 2019," *id.* at 2 (quoting Filing No. 20 at 3), Hirlston argues the Court should deny the motion as untimely without reaching the merits. Hirlston also responds that any lay witness testifying about Hirlston's emotional distress "will not be testifying to any medical causes or diagnoses, but only to their personal knowledge" of her

11

mental state. *Id.* at 3. Finally, Hirlston argues that not only can Dr. Bowles testify as to her treatment of Hirlston, but also to what would have been, considering her disability, a reasonable accommodation under which she could have performed her job duties. *Id.* at 3–4.

Federal Rule of Evidence 702 governs testimony of expert witnesses. An expert may testify regarding the ultimate issue in a case. Fed. R. Evid. 704(a). Furthermore, an expert can base her opinion on inadmissible evidence. Fed. R. Evid. 703. However, "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Regardless of whether a *Daubert* motions is filed, under the gatekeeping requirement set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), "the district court has a duty to ensure that expert testimony offered under Federal Rule of Evidence 702 is both relevant and reliable." *Jenkins v. Bartlett*, 487 F.3d 482, 488-89 (7th Cir. 2007) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999)). "Whether proposed expert testimony is sufficiently reliable under Rule 702 is dependent upon the facts and circumstances of the particular case." *Id*. at 489. "The court is given "latitude in determining not only how to measure the reliability of the proposed expert testimony but also whether the testimony is, in fact, reliable." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) (citing Jenkins, 487 F.3d at 489).

To the extent that Hirlston would use lay testimony to establish causation of her emotional distress, Costco's Motion *in limine* is **granted**. These lay witnesses, however, are of course free to testify to their personal knowledge as to Hirlston's emotional condition.

As for Dr. Bowles, the Court agrees with Costco that she may not present evidence or opinions beyond the scope of her diagnosis and treatment of Hirlston and/or her Rule 26(a)(2)(C) Disclosure. Costco argues that Dr. Bowles has no expertise or independent knowledge about the

12

duties and expectations of Costco's employees. However, if Dr. Bowles has reviewed Ms. Hirlston's job description, she may provide her medical opinion as to the duties Ms. Hirlston could perform based on her medical knowledge of Ms. Hirlston's disabilities. Accordingly, this portion of Costco's Motion *in limine* is **denied in part and granted in part**.

    5.   <u>**Similar claims by other parties against Costco**</u>

Costco asks the Court to exclude evidence or argument about "other legal claims against Costco, and in particular, any reference to a disability discrimination claim by Lisa Louks." (Filing No. 83 at 1.) On top of unfairly prejudicing Costco, confusing the jury, and wasting time under Rule 403, not to mention non-relevance under Rule 402, Costco asserts that admitting evidence about any other similar legal claims against Costco violates Rule 404 "because it depends upon the unsupported and unwarranted inference that if Costco treats other people improperly, it must have treated Hirlston in an illegal manner as well." *Id.* at 3. In response, Hirlston argues that evidence about Lisa Louks' disability case should be admitted because the claims of the two women are "strikingly similar": both reported to the same manager at the same Costco location, both suffered from comparable back conditions, both sought the use of a stool as an accommodation, and both were ultimately placed on leaves of absence following alterations in their work duties (Filing No. 112 at 2–3).

If this evidence were admitted, "the parties would [ ] no doubt argue[ ] over the truthfulness of those allegations, necessarily shifting the focus of the trial from" Hirlston's allegations to Louks'. *Manuel v. City of Chicago*, 335 F.3d 592, 597 (7th Cir. 2003). Because the risk of unfair prejudice, confusion of the jury, and undue delay outweighs the probative value of any evidence about other similar claims by other parties against Costco, Costco's Motion *in limine* is **granted**.

    6.   <u>**November 2015 leave of absence as retaliation and purportedly unexhausted retaliation claims**</u>

Costco asks the Court to exclude argument that (1) Hirlston's "November 2015 leave of absence represented a failure to accommodate her disability **and** a retaliatory adverse employment action" and (2) Costco retaliated against her by reassigning her in 2016 because that claim is "outside the scope of her Charge." (Filing No. 84 at 2–3 (emphasis added).)  First, although Costco recognizes "claims of ADA discrimination and retaliation are distinct concepts under the law," Hirlston's "theory of the case clearly overlaps" between the two, so she should be barred "from arguing that her November 2015 leave of absence was evidence of retaliatory conduct." *Id.* at 4–5.  And second, because Hirlston did not mention any job reassignment in her initial Charge filed with the EEOC (and never amended that Charge to include her reassignment), Costco argues that she has failed to exhaust her administrative remedies, and "the Court should prohibit her from introducing these allegedly retaliatory actions to the jury." *Id.* at 5–6.

In response, Hirlston first argues that Costco mistakenly fuses the accommodation and retaliation claims: "Costco's failure to accommodate Ms. Hirlston and its retaliation against her are separate claims supported by different facts." (Filing No. 114 at 2.)  And second, because she referenced the hearing aid assistant position when she filed her EEOC Charge and "directly raised" the reassignment with an investigator before her EEOC Charge was dismissed, Hirlston argues she properly exhausted her administrative remedies. *Id.* at 6–7.

Hirlston's theory of the case is that she received *no* reasonable accommodation from Costco, not that the November 2015 leave of absence was inadequate for that purpose.  Because Hirlston does not argue that the leave is both a failure to accommodate and retaliation (and instead argues only that this leave was retaliation), Costco's Motion *in limine* is **denied**.  As for exhaustion of administrative remedies before the EEOC concerning her reassignment, because Hirlston

14

explicitly mentioned the potential for moving to the hearing aid assistant role in her EEOC Charge, Costco's Motion *in limine* is **denied**.

### 7. Costco's and Hirlston's size and wealth

Costco asks the Court to exclude evidence of "Costco's size or wealth, Plaintiff's wealth, or comparing the wealth or size of Costco to that of Plaintiff." ([Filing No. 85 at 3](#).) First, Costco argues, this evidence should be excluded because it does "not make any of Hirlston's claims more or less probable," rendering it not relevant under Rule 402. Moreover, Costco avers, that evidence's admission would unfairly prejudice Costco because it could ignite "'the potential that juries will use their verdicts to express biases against big businesses.'" *Id.* at 2 (quoting *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)). In response, Hirlston argues that evidence of Costco's size and wealth is relevant because it "directly relates to Costco's assertion of an undue hardship defense." ([Filing No. 113 at 2](#).) In fact, Hirlston argues, Costco's financial standing—"including the size of its business, the number of people it employs, and the types of facilities it runs as well as the financial resources of the facility where the accommodation would be made"—directly relates to whether Costco would face undue hardship if it were to provide a requested accommodation. *Id.*

Because this evidence may be relevant to the undue hardship defense Costco may present, the Court cannot conclude that evidence of Costco's resources is clearly not admissible for any purpose. *See* 42 U.S.C. § 12111 ("In determining whether an accommodation would impose an undue hardship on a covered entity, factors to be considered include . . . the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities . . . ."). Moreover, jury

15

instructions can address the concern raised about the relative size of the parties—an individual person against a large corporation.

But for Costco's assertion of an undue hardship defense, this evidence would not be relevant or admissible in this case. Accordingly, absent the context of specific questions asked during trial, the Court declines to prohibit this evidence or argument at this time, and Costco's Motion *in limine* is **denied**.

### III.   CONCLUSION

For the preceding reasons, Hirlston's Motion *in Limine* ([Filing No. 88](#)) is **GRANTED in part and DENIED in part**, and Costco's Motions *in Limine* ([Filing No. 79](#); [Filing No. 80](#); [Filing No. 81](#); [Filing No. 82](#); [Filing No. 83](#); [Filing No. 84](#); [Filing No. 85](#)) also are **GRANTED in part and DENIED in part**.  An order *in limine* is not a final, appealable order.  If the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:  10/13/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com