UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-04699-TWP-MPB |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on October 14, 2020, held at the Indianapolis Courthouse. Plaintiff Karen R. Hirlston ("Hirlston") appeared by counsel Sandra L. Blevins and Jamie A. Maddox. Defendant Costco Wholesale Corporation ("Costco") appeared by counsel Erin D. Foley and Sara Eber Fowler. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given under Trial Rule 16.

1. The three-day jury trial of this matter is scheduled for **Monday, November 9, 2020 at 9:00 a.m.** and will be held in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom **#307**.[1] The claims to be tried are Hirlston's claims for violations of the Americans with Disability Act against her employer, Costco.

2. The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimonies. Hirlston's witness list named twenty-four witnesses, (Filing No. 90), but she will call only the following eight witnesses: Karen Hirlston (Plaintiff), Steve Hirlston, Mike Donaldson, Scott Francis, Charise McDonald, Julie Frazier, William Kauffman and Dr.

---

[1] Following the pretrial conference, changes to the trial courtroom were made.

Rachael Bowles (expert).  Costco does not object generally to any of these eight witnesses (*see* Filing No. 105).

3.      Costco's witness list named nine witnesses, (Filing No. 87), but it will call only six. Karen Hirlston (Plaintiff), Mike Donaldson, Julie Frazier, Scott Francis, William Kaufman and Dr. Rachael Bowles.  Hirlston did not object to any of these witnesses, all of whom she also intends to call.

4.      There are several duplicate witnesses on the parties' lists.  To avoid calling non-party witnesses twice, the Court will allow the parties to conduct direct and cross-examinations the first time a non-party witness is called. The Court discourages the parties from calling cumulative witnesses and presenting cumulative testimony.

5.      The Court, following colloquy with counsel at this conference, intends to issue by October 23, 2020, an order clarifying certain rulings on motions *in limine* as well as the propriety of a Jury Instruction tendered by Hirlston.

6.      The Court preliminarily reviewed the parties' submitted final exhibit lists, but—considering the Court's later-docketed order on motions *in limine* (Filing No. 118) and the ensuing clarifications to be provided by the Court—the parties are to file revised final exhibit and witness lists by **Friday, October 30, 2020**.

The parties are to provide one (1) copy of their exhibit binders, as well as two (2) flash drives containing electronic copies of their exhibits, to the Courtroom Deputy Clerk by **12:00 p.m. on Friday, November 6, 2020**.

7.      The Court discussed the parties' efforts to reach a settlement in this matter.  But because the parties represented that another formal settlement conference with the Magistrate Judge would be unproductive, the jury trial will proceed as scheduled.

8. The Court discussed *voir dire*, the jury, and opening statements:

    a. Jury selection will commence at 9:00 a.m. on the first day of trial. Counsel may obtain a copy of the responses to juror questionnaires in person at the Indianapolis Courthouse from the Courtroom Deputy Clerk at **12:00 p.m. on Friday, November 6, 2020**. The questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

    b. A panel of twenty-five (25) prospective jurors will be called, and a jury of eight (8) and no alternates will be empaneled. The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by counsel, after which counsel for the parties will have up to ten (10) minutes per side for any follow-up questions. Challenges for cause will be made using the Court's ListenTALK equipment. After challenges for cause are resolved, the parties will each have three (3) peremptory challenges, which shall be exercised by email. There will be no backstriking.

    c. The Court informed the parties that during the trial, it will allow jurors to submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association.

    d. Each side will have twenty (20) minutes for opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence.

    e. Counsel shall advise and share with one another any demonstrative exhibits they intend to use no later than **Friday, November 6, 2020**, to allow for objections before commencement of the trial.

9. The Court discussed jury instructions and the joint issue instruction:

      a.    The Court will use its own preliminary jury instructions, which will be emailed to counsel on **Wednesday, November 4, 2020**.  Counsel will have until **12:00 p.m. on Friday, November 6, 2020**, to file any objections with the Court.

      b.    The parties filed a joint—but partly contested—proposed issue instruction (Filing No. 117 at 2–3).  Following the Court's October 13, 2020, Order on Motions *in Limine*, (Filing No. 118), and any clarifications to be provided later by the Court, the parties are to file a new joint issue instruction by **Friday, October 30, 2020**.  If the parties are unable to agree on the issue instruction, the Court will determine the language for the instruction.

      c.    The parties filed joint—but again contested—proposed final jury instructions (Filing No. 117 at 4–81).  This filing, however, was unfortunately still in a "redline" format, making it difficult to read.  The parties are to refile their proposed joint instructions without any edits or commentary by **Friday, October 16, 2020**.  Parties should contact the Courtroom Deputy Clerk if they require an example of the preferred format.

      d.    Final jury instructions and verdict forms will be settled on the last day of trial after the close of evidence.

10.    The parties informed the Court that they will work on factual stipulations and submit any such factual stipulations that they agree upon no later than **Friday, October 30, 2020**.

11.    Costco designated deposition testimony of Hirlston (Filing No. 87-1), Mike Donaldson (Filing No. 87-2), and Wendy Padgett (Filing No. 87-3).  Hirlston objected, noting that all witnesses intend to testify in person.  (Filing No. 102).  Because Hirlston and Mike Donaldson

will testify in person, and the parties indicated they do not plan to call Wendy Padgett, the objection is moot. Costco may offer deposition testimony for impeachment purposes only during trial.

12. Hirlston and Costco notified the Court of their intent to use the VEPS system (Filing No. 89; Filing No. 95). Counsel should schedule training on the VEPS system with the Courtroom Deputy Clerk.

13. Hirlston moved for separation of witnesses by written motion, (Filing No. 94). Although Costco did not challenge Hirlston's "general request to sequester witnesses during other witnesses' trial testimony," it asks for the order to exclude from sequestering its "corporate representative, even if that representative will testify at trial." (Filing No. 104 at 1.) Additionally, Costco objects to Hirlston's "request for a blanket order that counsel may not discuss a 'witness" live testimony with any other witnesses who may be called to testify at trial'" because this limitation would prevent Costco "from having discussions that relate to informing a future witness about the scope of their testimony." *Id.* at 2.

After discussion of these written motions at this conference, the Court now **grants** Hirlston's Motion for Separation of Witnesses, (Filing No. 94). Costco's corporate representative, Mike Donaldson, may remain in the courtroom during the entirety of the trial as their designated assisting witness. Costco may prepare its witnesses by providing them the context, including summaries of prior discussions during trial, with which they need to testify. Hirlston's counsel may cross-examine the witnesses regarding their trial preparation.

14. On the first day of trial, the doors to the courtroom will be unlocked by **7:30 a.m.** Counsel must report no later than **8:00 a.m.** The jury venire are scheduled to arrive at **8:30 a.m.**, and jury selection will begin at **9:00 a.m.**

5

15. Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice", (Filing No. 36), before the start of the trial.

16. The Court discussed the protocol required for conducting a jury trial during COVID-19. The parties' ability to safely and efficiently try this case depends on being able to understand and assess the courtroom and procedures in advance of trial. As a result, the Courtroom Deputy Clerk will schedule a walk through with the parties (tentatively on November 6, 2020), after the courtroom has been setup and in advance of the trial date.

17. The prospective venire will receive a COVID screening questionnaire from the jury coordinator with their jury summons. Accordingly, the persons who report for jury duty will have already been screened relating to COVID-19 and their ability to serve in advance of reporting in person. The Courtroom Deputy Clerk will email a copy of those questions to counsel for their review.

18. In light of the health risks generated by the COVID-19 pandemic, and as outlined in General Orders of this Court, masks must be worn at all times by everyone entering the building. This includes during the trial; however, parties may wear a clear plastic face shield if they prefer. In addition, witnesses may testify wearing face shields.

19. Social distancing is required. The space in the courtroom and an overflow room for public viewing is limited. The parties are instructed to inform the Courtroom Deputy Clerk of the exact number of people each believes will attend the proceedings by later no than **Friday, October 23, 2020**, so that a determination can be made concerning how many spectators can be safely accommodated pursuant to the District Court's emergency COVID-19 General Order.

20. A room designated by the Court for trial witnesses is **Room 308**. This room can accommodate up to eight witnesses at a safe distance of at least six feet.

21. The Court discussed with the parties the procedures for viewing exhibits during deliberations. The jury will have a cleared laptop available in the jury room so that they can review the exhibits electronically during deliberations. One juror will be designated to operate the laptop. Each juror will have an individual hard copy of the jury instructions.

22. Thereafter, no further discussion was held and the conference was adjourned.

**SO ORDERED.**

Date: 10/15/2020

DISTRIBUTION:

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana