**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| KAREN R. HIRLSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-04699-TWP-MPB |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MATTERS TAKEN UNDER ADVISEMENT**

This matter is before the Court following the final pretrial conference held on October 14, 2020, during which the Court took several matters under advisement. This Order will address these issues in turn.

**A.     Hirlston's jury instruction on disparate treatment**

Plaintiff, Karen R. Hirlston ("Hirlston"), proposes in her Proposed Final Jury Instruction 27 that, in addition to her allegation of discrimination under the Americans with Disabilities Act, ("ADA"), stemming from Costco's purported failure to accommodate, she may also prove this claim of discrimination through "a method of proof referred to as 'disparate treatment.'" (Filing No. 117 at 51.) But Costco objects: "This is a fundamentally different claim than saying her disability was not accommodated, or that Costco retaliated against her for requesting an accommodation." *Id.* at 53.  In fact, Defendant, Costco Wholesale Corporation ("Costco"), notes, "numerous courts have held that ADA failure to accommodate and disparate treatment claims are distinct causes of action." *Id.* (citing *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 897–98 (7th Cir. 1999) ("A claim for failure to accommodate is separate and distinct under the ADA from one of disparate treatment because of a disability.") (citation omitted)).

In response, Hirlston, at the final pretrial conference, averred that paragraphs 87, 97, and 98 of her Complaint supported her claim for disparate treatment. (Filing No. 1). In these paragraphs, Hirlston alleged that Costco discriminated her against in violation of the ADA when (1) her "**disabilities were the motivating factor** in Costco's decision to place" her on leave and (2) Costco's "failure to reasonably accommodate [her] and its imposition of discipline/administrative leave against her were **discriminatory actions taken against her because of her disabilities**." (Filing No. 1 at 11 (emphases added).) To Hirlston, these statements sufficed to state a claim for discrimination arising from disparate treatment under the lenient notice-pleading standard.

The Court agrees. Hirlston has separately pleaded a disparate treatment claim. "A disparate treatment claim arises from ADA language prohibiting covered entities from 'limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee.'" *Mlsna v. Union Pac. R.R. Co.*, No. 19-2780, 2020 WL 5511988, at *3 (7th Cir. Sept. 14, 2020) (quoting 42 U.S.C. § 12112(b)(1)). As noted by the emphasized text above, Hirlston's Complaint should have put Costco on notice that she believed her employment was adversely affected because of her disability, not just that it failed to accommodate her or that it retaliated against her for asserting rights under the ADA. "A complaint need only provide notice of a plausible claim," after all, and "there is no rule requiring parties to plead legal theories or elements of a case." *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In light of Costco's request for leave "to propose a suitable final jury instruction on this issue" if the Court permits Hirlston "to bring a disparate treatment claim," (Filing No. 117 at 55),

2

the Court instructs Costco to prepare an alternative Final Jury Instruction 27 for the Court's consideration by the close of evidence, when the Court will determine which final instructions it will use.

**B.     Clarification of the ruling on Costco's first Motion *in Limine***

The Court's ruling on Costco's first Motion *in Limine* (Filing No. 79) was clear: no evidence about occasions of any purported discrimination or retaliation under the ADA that precede the 300-day lookback period are admissible (*see* Filing No. 118 at 8 ("Accusations of discriminatory conduct predating the 300-day cutoff are not relevant to this case.").)  This, of course, includes evidence concerning Hirlston's December 2014 request for a chair and its mid-2015 delivery. Only events occurring after November 3, 2015—300 days before Hirlston filed her EEOC Charge on August 29, 2016—are relevant to Hirlston's claims.  And only evidence about these actions is admissible.  This ruling remains granted and evidence concerning the December 2014 chair request is excluded.

**C.     Clarification of the ruling on Costco's seventh Motion *in Limine***

The Court previously denied Costco's seventh Motion *in Limine* requesting exclusion of any evidence of "Costco's size or wealth, Plaintiff's wealth, or comparing the wealth or size of Costco to that of Plaintiff", (Filing No. 85 at 3), because of Costco's intent to assert an undue hardship defense, (Filing No. 118 at 16).  And to the extent that Costco would now abandon this defense, evidence of Costco's size and wealth would be inadmissible as not relevant. But Hirlston seeks punitive damages (*see,* Filing No. 1 at 13), which can serve as appropriate relief under the ADA for discrimination claims.  *See Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004) (noting that although compensatory and punitive damages are unavailable for ADA retaliation claims, they may be sought for discrimination claims, including those arising from

3

failure to accommodate and disparate treatment). Because "plaintiffs who are seeking punitive damages often present evidence of the defendant's wealth," *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996), the Court cannot conclude that evidence about Costco's size and wealth is clearly not admissible for any purpose, and Costco's seventh Motion *in Limine* remains denied. *See also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) ("[W]ealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded.")

**D.**     **Clarification of the ruling on Costco's sixth Motion *in Limine***

The Court previously denied (Filing No. 118 at 14–15) Costco's sixth Motion *in Limine* asking the Court to exclude argument that Hirlston's "November 2015 leave of absence represented a failure to accommodate her disability *and* a retaliatory adverse employment action." (Filing No. 84 at 2 (emphasis added).) Costco, at the final pretrial hearing, asked the Court to clarify this ruling in light of a final jury instruction tendered by Hirlston that would postulate that she suffered retaliation when she was placed on leave "because of her requests for accommodations." (Filing No. 117 at 56.) This instruction, at least from Costco's view, conflicts with the leave's capacity to serve as a reasonable accommodation under the ADA. To this end, Costco tendered its own instruction, ostensibly bracketing for the Court's later review Hirlston's contention that she was "placed on a leave of absence" as a form of retaliation (Filing No. 117 at 57).

As much as Costco would like to argue to the contrary (and it has devoted much effort to this contention throughout these proceedings), Hirlston is entitled to her theory of the case: that the leave was not an attempted accommodation, but rather served as retaliation for her accommodation request. Whether jurors believe this theory is a matter for those factfinders. At any rate, just as Hirlston can argue her claims, Costco can argue its defense: that the leave was a reasonable accommodation and not retaliation. This Motion remains denied. As for the parties'

competing versions of Final Jury Instruction 28, the Court will settle final instructions at the close of evidence.

**SO ORDERED.**

Date: 10/16/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com