UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR A BENCH TRIAL OR, IN THE ALTERNATIVE, MOTION TO CONTINUE JURY TRIAL**

This matter is before the Court on Plaintiff Karen R. Hirlston's ("Hirlston") "Motion for a Bench Trial or, in the Alternative, Motion to Continue Jury Trial." (Filing No. 123.) Because of the extraordinary circumstances of the COVID-19 pandemic and the issues it may cause with obtaining a fair and impartial jury, Ms. Hirlston requests a bench trial or, in the alternative, that the November 9, 2020 jury trial be continued to at least August of 2021 or thereafter. After considering this filing, along with Defendant Costco Wholesale Corporation's ("Costco") Response in Opposition (Filing No. 125), the Court **denies** the distinct motions.

**A.    Motion for a Bench Trial**

Hirlston first requests that "the Court hold a bench trial in this matter." (Filing No. 123 at 2.) In her Complaint, Hirlston demanded "trial by jury on all issues so triable." (Filing No. 1 at 14.) Under Federal Rule of Civil Procedure 38(d), withdrawal of a jury demand must be accompanied by consent from the other party or parties if an issue is triable of right by a jury. "Rule 38(d)'s requirement that the other parties consent to a withdraw of a demand permits those other parties to rely on the jury demand to protect *their right* to a jury trial." *Kramer v. Banc of*

*Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004) (emphasis added). In other words, just as Hirlston has a right to a jury trial "[o]n any issue triable of right by a jury," Rule 38(b), so too does Costco.

Because disability discrimination claims are triable to a jury as of right under the Americans with Disabilities Act ("ADA"), *see Kramer*, 355 F.3d at 965, Costco—if Hirlston had not already done so—could have demanded a jury trial as of right on this claim in its answer.[1] But since Hirlston did so in her Complaint, Costco could rely on her demand to preserve its right. *See, e.g.*, *Partee v. Buch*, 28 F.3d 636, 636 (7th Cir. 1994) ("Having knowledge that the defendant had filed a jury demand in his pleading,[ ] the plaintiff, Partee, was entitled to rely on the defendant's jury demand and was not required to file a separate jury demand on his own."). Indeed, Costco suggests as much in its opposition brief: "Costco had no need to assert independently any demand for a jury trial at the inception of the case given Plaintiff's own demand, as Costco acknowledged in its Answer that Plaintiff asserted a demand on all issues so triable." (Filing No. 125 at 2.)

Hirlston, however, argues that the Court can exercise its "equitable powers in the face of the COVID-19 pandemic to hold a bench trial." (Filing No. 123 at 3.) But nothing in Rule 38(b)'s rigid text provides a court discretion or equitable power to terminate an objecting party's statutory right to have a claim heard by a jury. Fed. R. Civ. P. 38(d) ("A proper demand may be withdrawn *only if the parties consent*.") (emphasis added). In addition, Hirlston has submitted no authority (and the Court could find none as well), that would authorize the Court, even under the circumstances of a pandemic, to exercise its equitable power and order a bench trial over Costco's

---

[1] A plaintiff, however, is "entitled to have her claim of retaliation (for which she was entitled only to equitable remedies) heard by a jury only if [the defendant] consented and the district court agreed." *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 967 (7th Cir. 2004). But, as Costco notes, if Hirlston "intends to argue that her ADA retaliation should not be tried before a jury, that is a separate (and new) question that can be addressed before the Court at the appropriate time." (Filing No. 125 at 3.)

2

objection. Because Hirlston's jury demand can only be withdrawn with Costco's consent, the Court **denies** Hirlston's Motion for a Bench Trial.

B.  **Motion to Continue Jury Trial**

As for continuing the jury trial, Hirlston argues "that a disproportionate number of older adults with disabilities, the persons most like and who could most understand Ms. Hirlston's disabilities, will be deferred from the jury" because of the necessary safety protocols the Court plans to implement in response to the global COVID-19 pandemic ([Filing No. 123 at 3](#)). In response, Costco notes that although "[t]here may be individuals who seek to avoid jury service because of their own vulnerabilities or the vulnerabilities of those with whom they live," there may also be "individuals who fall into these risk categories, but who are comfortable serving on a jury given the safety protocols put in place by the Court." ([Filing No. 125 at 4](#).) Costco asserts that Hirlston's Motion prematurely questions the makeup of a theoretical venire. Costco also asserts delay would significantly prejudice it because it has been actively preparing for the November trial. *Id.* at 3. Costco also argues Hirlston had many opportunities to request a continuance of her jury trial before she filed this eleventh-hour Motion.

The Court does not fault Hirlston for her eleventh-hour request for a continuance. It was not until the October 16, 2020 final pretrial conference that counsel were advised of the Court's COVID protocol for the jury trial. While the district plan is posted on the court's website, it was not until the final pretrial order was docketed that Hirlston was provided a copy of the COVID-19 jury questionnaire. Although several jury trials have been scheduled since jury trials resumed in this district, only one jury trial has been conducted in the Southern District of Indiana since March 2020. Nearly 2,900 new COVID-19 cases were reported by the Indiana State Department of Health on Thursday, October 22, 2020 and Indiana hit a record for new daily infections. So the Court

recognizes Hirlston's legitimate concern that COVID-19 could prevent the assembly of a jury venire that is truly representative of the community. Her concern that certain demographics could be underrepresented if older more vulnerable individuals remain home due to health concerns is also legitimate.

However, at this stage of the proceedings, the Court believes a fair cross representative of the community will appear. Hirlston's assertion that typically, a jury panel of 35-40 is seated for a civil trial is incorrect. The Court typically proceeds with a venire of 23 in a civil trial and at least 23 and up to 28 venire can be seated at social distance for Hirlston's trial. In addition, of the 55 summons mailed, thus far 41 have returned their questionnaires and only 2 have requested that they be excused because of COVID-19. The proposed venire list ages from 71 to 20. The court will continue to monitor the return of summons for the jury trial. If in fact a fair cross representative of the community does not appear, Hirlston will have an opportunity to raise that objection.

The Court finds the basis for Hirlston's continuance request to be premature. Indeed, the cases Hirlston cites in support of her argument involve individuals challenging the makeup of their juries *after* they were empaneled. *See Thiel v. S. Pac. Co.*, 328 U.S. 217, 219 (1946) ("A jury of twelve *was chosen*.") (emphasis added); *Duren v. Missouri*, 439 U.S. 357, 363 (1979) ("Petitioner's jury *was selected* . . .) (emphasis added). Hirlston cannot today speculate that she possibly could be harmed by a hypothetical jury in the future.

Because the Court believes a fair cross representative of the community will appear, the request for continuance prematurely assumes that a fair and impartial jury cannot be seated, and any delay would work unfair hardship on Costco considering its ongoing preparation for the imminent trial date, the Court **denies** Hirlston's Motion to Continue Jury Trial.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Hirlston's "Motion for a Bench Trial or, in the Alternative, Motion to Continue Jury Trial." ([Filing No. 123](#).)

**SO ORDERED.**

Date: 10/23/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com