UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-04699-TWP-MPB |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTIONS TO QUASH**

This matter is before the Court on Motions to Quash filed by Defendant Costco Wholesale Corporation ("Costco") on May 10, 2021 (Filing No. 141; Filing No. 142). The parties discussed, among other things, these motions during a telephonic status conference held on May 11, 2021 (*see* Filing No. 145). Plaintiff Karen R. Hirlston ("Hirlston") filed a Response in Opposition on May 12, 2021 (Filing No. 146). The Court will discuss the motions in turn.

Costco asks the Court to quash Hirlston's trial subpoena to non-party Charise McDonald ("McDonald") for two reasons: (1) Hirlston cannot subpoena McDonald under Federal Rule of Civil Procedure 45(c)(1), and (2) McDonald cannot offer relevant testimony (Filing No. 141 at 4). Costco maintains that McDonald is geographically outside the Court's subpoena powers: under Rule 45(c)(1),

> [a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is the party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

*Id.* (quoting Fed. R. Civ. P. 45(c)(1)). Because McDonald (1) lives and works in Wisconsin— "well over 300 miles away from the location of this trial, and out of state"—and (2) is "not an

executive, officer, or corporate representative of the Company[,] . . . she cannot be compelled via subpoena to attend the trial in this case." *Id.* (citing *Square D Co. v. Breakers Unlimited, Inc.*, No. 1:07-CV-806-WTL-JMS, 2009 WL 1702078, at *1 (S.D. Ind. June 11, 2009)) (the court's subpoena power did not extend to out-of-state witnesses).

Additionally, Costco argues that McDonald cannot provide relevant "rebuttal" testimony for Hirlston. *Id.* Specifically, "McDonald was *not* involved in the accommodation process that is the subject of this trial. She was not present for the November 3, 2015[,] job accommodation meeting and had no role in that process." *Id.* at 5 (emphasis in original). And to the extent that Hirlston would use "McDonald to discuss either (1) the conversation about the Optical Department remodel that she claims occurred sometime between May and November 2015; or (2) the conversation she may have had with [] McDonald about her request for a stool between December 2014 and July 2015", these subjects are improper in light of the temporal limitation ordered in the Court's prior ruling. *Id.* Finally, Costco concludes that "[i]f anything," it should be the party permitted to call McDonald to rebut testimony provided by Hirlston. *Id.* at 5–6.

In response, Hirlston argues that "McDonald's testimony as a rebuttal witness is relevant." ([Filing No. 146 at 2](#).) Hirlston recognizes that the Courts' prior ruling "precluded evidence prior to the 300 days period that begins in November of 2015," but maintains that "discussions of such events prior to this date are not precluded." *Id.* She points out that Costco admits "that contextual information surrounding these issues may be necessary." *Id.* Hirlston contends that if McDonald is not compelled to testify, Costco would "be allowed to dictate who can provide this contextual information during trial" that "Hirlston would be unable to rebut." *Id.* Moreover, "McDonald may elect to appear and testify voluntarily." *Id.* at 3. Despite Costco citing Rule 45, it "agreed to accept

2

service" of the subpoena, and Rule 45 does not preclude McDonald "from testifying voluntarily at trial in this action as she is an employee of [Costco] and is available to testify." *Id.*

This Motion to Quash is resolved easily: the Court, under Rule 45, does not have the power to subpoena McDonald to testify. Simply put, she does not live, work, or regularly transact business within 100 miles of the location where the trial will take place or within Indiana (let alone serve as an officer of Costco). *See* Fed. R. Civ. P. 45(c)(1)); *Square D*, 2009 WL 1702078, at *1. In any event, the Court is not persuaded that any testimony McDonald would provide would be relevant to this trial; it is not only difficult to conceive her utility to Hirlston as a rebuttal witness, but also her testimony would concern matters that the Court has already barred and to which other witnesses could adequately testify. *See Chelmowski v. AT&T Mobility LLC*, 753 F. App'x 398, 401 (7th Cir. 2019) ("Judge Kendall properly quashed the subpoena on relevance grounds."). For these reasons, the Court **grants** this Motion to Quash.

Costco argues that Hirlston's trial subpoena to non-party James Harmon ("Harmon") should be quashed because he "has no information relevant to the issues in this trial." (Filing No. 142 at 3.) To Costco, "[i]t would be an enormous waste of time and resources to have Harmon testify at trial [when he] . . . did not even arrive at the South Indianapolis warehouse until August 24, 2020." *Id.* And "to the extent that Hirlston seeks to introduce evidence related to her current leave of absence and/or whether Costco is able to accommodate her in order to return her from that leave at this time," that evidence is not properly before the Court and beyond the scope of the events and allegations to be tried in this case. *Id.* at 3–4. Costco concludes, this evidence's admission would "unnecessarily prolong the trial," "require a separate mini-trial" related to Hirlston's current leave, and "unfairly prejudice Costco." *Id.* at 4.

In response, Hirlston "withdraws the Harmon Subpoena," in her view rendering the related motion to quash "moot." (Filing No. 146 at 3.) The Court agrees—withdrawal of the subpoena nullifies Costco's attendant motion. For that reason, the Court will **deny** it as moot (Filing No. 142).

For the reasons stated above, the Court **GRANTS** Costco's Motion to Quash Subpoena Issued to Non-party Charise McDonald (Filing No. 141) and **DENIES as moot** Costco's Motion to Quash Subpoena Issued to Non-party James Harmon (Filing No. 142).

**SO ORDERED.**

Date: 5/13/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com

Kyla J. Miller
SEYFARTH SHAW LLP (Chicago)
kjmiller@seyfarth.com