UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-04699-TWP-MPB |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ENTRY DENYING DEFENDANT'S MOTION
FOR PRELIMINARY FACT STATEMENT TO THE JURY**

This matter is before the Court on a Motion for Preliminary Fact Statement to the Jury filed by Defendant Costco Wholesale Corporation ("Costco") (Filing No. 159). Costco asks the Court read a statement at the beginning of trial that outlines "the reasons for the November 3, 2015, job assessment meeting" that led to Costco placing Plaintiff Karen R. Hirlston ("Hirlston") "on a leave of absence." *Id.* at 1. After Costco circulated the proposed statement to Hirlston's counsel on May 12, 2021, Hirlston succinctly responded that she did "not agree to the proposed stipulation" on May 26, 2021. *Id.* at 3. Even so, Costco maintains that reading the instruction will help "obviate[e] any need to explain the background" surrounding the meeting and "avoid[] objections that may needlessly delay the trial," ultimately "facilitat[ing] a more efficient presentation of evidence and assist[ing] in presenting this case in an expeditious fashion." *Id.* at 5.

In response, Hirlston confirms that she "does not agree to Defendant's proposed stipulation," therefore, the Court should deny the Motion since "'[a] stipulation is a contract between two parties to agree that a certain fact is true.'" (Filing No. 162 at 2 (quoting *ACF 2006 Corp. v. Conour*, 2017 U.S. Dist. LEXIS 9991, at *10 (S.D. Ind. Jan. 24, 2017) (citing *Analytical Engineering, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443 (7th Cir. 2005)))). Hirlston argues that

Costco "essentially attempts with its Motion to have the Court order [ ] Hirlston to stipulate to facts, something that only the parties themselves can agree and/or stipulate to." *Id.* at 4.

The Court agrees with Hirlston. "[A] stipulation amounts to a contract" between the parties. *Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 723 (7th Cir. 2000). Hornbook law teaches that absent mutual assent, there can be no contract. *See Matter of Turner*, 156 F.3d 713, 718 (7th Cir. 1998) ("Fundamental to the concept of an agreement is an expression of mutual assent between the two (or more) parties to that agreement."). Here, with no meeting of the minds, there can be no stipulation. As noted by Hirlston in her response, Costco is free to include the proposed information in its opening statement, but there is no procedural bases for the Court to read such a statement to the jury. For these reasons, Costco's Motion is **DENIED** (Filing No. 159).

**SO ORDERED.**

Date: 6/3/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Kyla J. Miller
SEYFARTH SHAW LLP (Chicago)
kjmiller@seyfarth.com