**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **COURT'S PRELIMINARY INSTRUCTIONS**

**PRELIMINARY INSTRUCTION NO. 1**

Ladies and gentlemen, now that you have been sworn, we are about to begin the trial of the case you heard about during the jury selection.  Before we begin the trial, I am going to give you preliminary instructions that may help you to understand what will be presented to you and how you should conduct yourself during the trial.

One of my duties is to decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating of what I think of the evidence or what your verdict should be.

## PRELIMINARY INSTRUCTION NO. 2

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement.  Next, Defendant's attorney may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence.  Then, Defendant will have an opportunity to call witnesses and present evidence.  After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence and Defendant may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## PRELIMINARY INSTRUCTION NO. 3

The positions of the parties can be summarized as follows:

The Plaintiff, Karen Hirlston, has been employed by the Defendant, Costco Wholesale Corporation, since 2009. In 2010, Costco promoted Ms. Hirlston to Optical Department Manager. Ms. Hirlston claims that she suffers from several disabilities protected by the federal law known as the Americans With Disabilities Act or the ADA. Ms. Hirlston alleges that Costco was aware of her disabilities.

In September 2015, Ms. Hirlston provided Costco with work restrictions from her doctor that limited her ability to perform certain physical tasks, like lifting, bending, and standing. She told Costco that she needed accommodations because of her disabilities that would allow her to work as an Optical Department Manager. Costco and Ms. Hirlston could not reach an agreement as to Ms. Hirlston's requested accommodations. Costco placed Ms. Hirlston on a leave of absence in November of 2015. Ms. Hirlston returned to work for Costco at a different warehouse in October of 2016, as a Hearing Aid Attendant, a position that earned less money.

Ms. Hirlston claims that Costco discriminated against her because of her disabilities and that Costco did not provide her with reasonable accommodations as required by the ADA. Ms. Hirlston further claims that Costco retaliated against her for requesting accommodations for her disabilities, by placing her on a leave of absence and eventually demoting her to a different position that made less money. Ms. Hirlston claims that, as a result of Costco's actions, Costco damaged her.

Costco denies that it discriminated against Ms. Hirlston because of any disability and denies that it failed to provide Ms. Hirlston with reasonable accommodations. Instead, Costco asserts that a leave of absence was the only reasonable accommodation available given Ms.

Hirlston's medical restrictions at the time and the requirements of her job as an Optical Department Manager.  For this reason, Costco also denies that placing Ms. Hirlston on a leave of absence and offering her another position consistent with her restrictions was an act of retaliation.

**PRELIMINARY INSTRUCTION NO. 4**

This is a civil case.  Ms. Hirlston, as the Plaintiff, has the burden of proving her case by what is called "the greater weight of the evidence".  When I say a particular party must prove something by "the greater weight of evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**PRELIMINARY INSTRUCTION NO. 5**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence,

and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

**PRELIMINARY JURY INSTRUCTION NO. 6**

During the trial you may hear me use terms that you have heard before.  I will briefly explain some of the most common terms to you.

The party who files a case is called the Plaintiff.  In this action, the Plaintiff is Karen R. Hirlston.

The party being sued in a case is called the Defendant.  In this action, the Defendant is Costco Wholesale Corporation.

You may hear me refer to "counsel".  "Counsel" is another way of saying "lawyer" or "attorney".

I will sometimes refer to myself as the "Court".

When I "sustain" an objection, I am excluding that evidence from the trial for a legal reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that the particular statement or particular exhibit may be considered by you in making the decisions you must make at the end of the case.

**PRELIMINARY INSTRUCTION NO. 7**

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also have to decide what weight, if any, you give to the testimony of each witness.

## PRELIMINARY JURY INSTRUCTION NO. 8

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.   You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.   You  should not be influenced by any person's race, color, religion, national ancestry, or sex.

**PRELIMINARY INSTRUCTION NO. 9**

You may have heard the terms "direct evidence" and "circumstantial evidence".  Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining.  Circumstantial evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

**PRELIMINARY INSTRUCTION NO. 10**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

**PRELIMINARY INSTRUCTION NO. 11**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction because it may not be available to you in writing later in the jury room.

**PRELIMINARY INSTRUCTION NO. 12**

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

**PRELIMINARY INSTRUCTION NO. 13**

At times during the trial it may be necessary for me to talk with the lawyers out of your hearing by using Listen/Talk devices, or by calling a recess.  We meet because often during a trial something comes up that does not involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**PRELIMINARY INSTRUCTION NO. 14**

Any notes you take during this trial are only aids to your memory.  The notes are not evidence.  If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room.  When you leave at night, your notes will be secured and not read by anyone.  At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

**PRELIMINARY INSTRUCTION NO. 15**

Pay close attention to the testimony as it is given.  At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.

**PRELIMINARY INSTRUCTION NO. 16**

You may submit questions to witnesses to clarify their testimony during trial under certain conditions.

If you feel the answer to your question would be helpful in understanding this case, you should raise your hand after the lawyers have completed their examinations but before the witness is excused.  I will have you write your question and hand it to the Clerk.  I will then privately confer with the lawyers about the question and make a ruling on whether the law allows the question to be asked of that witness.  If the question is of the type that is allowed, I will address the question to the witness.

Please do not directly speak to me, the Plaintiff, the Defendant, the lawyers, or the witnesses, but carefully follow this procedure if you wish to have a specific question addressed to a witness.

**PRELIMINARY INSTRUCTION NO. 17**

During the trial, I may sometimes ask a witness questions.  Do not assume that because I

ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

**PRELIMINARY INSTRUCTION NO. 18**

I am now going to discuss several rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the trial.  Do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Your verdict in this case must be based exclusively on the law as I give it to you and the evidence that is presented during the trial.  For this reason, and to ensure fairness to both sides in this case, you must obey the following rules.  These rules apply both when you are here in court and when you are not in court.  They apply until after you have returned your verdict in the case.

1.      You must not discuss the case, including anyone who is involved in the case, among yourselves until you go to the jury room to deliberate after the trial is completed.

2.      You must not communicate with anyone else about this case, including anyone who is involved in the case, until after you have returned your verdict.

3.      When you are not in the courtroom, you must not allow anyone to communicate with you about the case or give you any information about the case, or about anyone who is involved in the case.  If someone tries to communicate with you about the case or someone who is involved in the case, or if you overhear or learn any information about the case or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

4.      You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court.  However, you must not communicate with them about the case or anyone who is involved in the case until after you have returned your verdict.

5.      All of the information that you will need to decide the case will be presented here in court.  You may not look up, obtain, or consider information from any outside source.

There are two reasons for these rules.  First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading.

When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, I am referring to any and all means by which people communicate or obtain information.  This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a telephone, cell phone, tablet, computer, the Internet, text messaging, emails, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, Instagram, LinkedIn, or any other form of communication at all.  If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.

**PRELIMINARY JURY INSTRUCTION NO. 19**

The trial will proceed in the following manner:

First, Plaintiff's attorneys will make an opening statement.  Next, Defendant's attorneys may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence.  Then, Defendant will have an opportunity to call witnesses and present evidence.  After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence and Defendant may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.  After that, you will go to the jury room to deliberate on your verdicts.

Thank each of you for your patience and attention.  We will now hear the opening statements from the Plaintiff's and the Defendant's lawyers.