UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN R. HIRLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-04699-TWP-MPB |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR NEW TRIAL,**
**OR ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on a Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60 filed by Plaintiff Karen R. Hirlston ("Hirlston") (Filing No. 197). Hirlston sued Defendant Costco Wholesale Corporation ("Costco") for purportedly discriminating against her based on her disabilities and retaliating against her after she requested accommodations, both in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA") (Filing No. 1).

Following the Court's denial of Costco's motion for summary judgment, the case proceeded to a jury trial on June 7 through 9, 2021, on Hirlston's ADA discrimination claims (failure to accommodate and disparate treatment). The jury reached a verdict and found in favor of Costco and against Hirlston on the ADA discrimination claims. It had been determined earlier that Hirlston's ADA retaliation claim would be tried separately to the Court. On August 19, 2021, after considering the evidence presented at trial as well as the post-trial briefing and evidence submitted by the parties, the Court issued its Findings of Fact and Conclusions of Law on the ADA retaliation claim, ruling in favor of Costco and against Hirlston (Filing No. 192). Final Judgment also was entered that same day (Filing No. 193). Twenty-eight days later, Hirlston filed her pending Motion

for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60, asking the Court to set a new trial or to provide relief from the Final Judgment (Filing No. 197). For the following reasons, Hirlston's Motion is **denied**.

## I.     LEGAL STANDARDS

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides,

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

"A motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. Pro. 59(b).

Courts order a new trial only if the jury's "verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Marcus & Millhap Inv. Servs. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011) (internal citation and quotation marks omitted). "A verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008) (internal citation omitted); *see also*, *Sekulovski*, 639 F.3d at 314 (parties seeking a new trial under Rule 59 "bear a particularly heavy burden because a court will set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict"). A motion for a new trial under Rule 59 "should be granted only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) (internal citation and quotation marks omitted).

A party seeking a new trial on the basis of evidentiary errors faces a heavy burden because the error must affect the party's substantial rights, meaning that there is a significant chance that the error affected the outcome of the trial. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 570 (7th Cir. 1997); *see also*, *EEOC v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, 440 (7th Cir. 2012) ("Evidentiary errors satisfy this standard only when a significant chance exists that they affected the outcome of the trial."). Where an alleged error of admission of evidence occurred during a trial, the court should "grant a new trial only if the error had a substantial influence over the jury, and the result reached was inconsistent with substantial justice." *Mgmt. Hospitality of Racine*, 666 F.3d at 440.

"Rule 59(a) is not intended to allow parties to merely relitigate old matters or to present the case under new theories; rather, a motion for a new trial not predicated on the discovery of new evidence is intended to correct manifest errors of law or fact." *Int'l Paper Co. v. Androscoggin Energy LLC*, 2005 U.S. Dist. LEXIS 22066, at *8 (N.D. Ill. Sept. 30, 2005). "With a jury verdict in their favor, the defendants are entitled to a favorable interpretation of the evidence as we entertain such questions as whether the verdict was against the manifest weight of the evidence." *Venson v. Altamirano*, 749 F.3d 641, 644 (7th Cir. 2014).

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

## II.   DISCUSSION

In her Motion, Hirlston asks the Court to set a new trial or to provide relief from the Final Judgment following the jury's verdict and the Court's Order in favor of Costco on her ADA discrimination and retaliation claims. Hirlston argues that the Court committed error warranting a new trial or relief from the Final Judgment because she was never given an opportunity to object to the Court's final version of the verdict forms and Final Jury Instruction No. 19. Hirlston points out that she was not provided a final version of the Court's verdict forms until the jury already had retired for deliberation. She contends that she would have objected to the language in the final verdict forms had she received a copy of them. She also argues that Final Jury Instruction No. 19 contained additional language not agreed to by the parties. Hirlston contends that, because the Court agreed with the parties' proposed language for Final Jury Instruction No. 19, she assumed the instruction would be read properly to the jury. Hirlston argues she did not have an opportunity to proofread the final jury instructions before closing arguments and the jury instructions being

4

read to the jury. If she had the opportunity to object to Final Jury Instruction No. 19, she argues that she would have objected.

Hirlston additionally argues that the Court improperly admitted photographs introduced by Costco in the middle of trial that had never been produced during discovery and lacked a proper foundation. Costco claimed the photographs were merely demonstrative exhibits but then immediately moved to admit them as evidence. Hirlston argues that because Costco used these photographs against her to show she was not qualified for her position, which was the issue decided by the jury resulting in a defense verdict, the Court should grant Hirlston a new trial based on the erroneous admission of evidence. She also asserts that the Court discussed and based its decision on Hirlston's ADA retaliation claim on the findings of the jury, and because the jury's determination was based on an improper jury instruction, improper jury verdict forms, and the improper admission of evidence, the Court should reconsider and reverse its denial of Hirlston's ADA retaliation claim.

Regarding Final Jury Instruction No. 19, Hirlston asserts that after the final jury instructions conference between the Court and the parties, the Court permitted the parties to raise objections to the final jury instructions on the record on June 9, 2021. The following discussion ensued:

> [THE COURT:] [Final Jury Instruction No. 19] is modified. We're going to modify Defendant's, "Under the ADA, Ms. Hirlston was qualified if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions either with or without," a reasonable accommodation—"without the reasonable accommodations she proposed at the November 2015 job assessment meeting."
>
> MS. BLEVINS: Your Honor, we've reconsidered this overnight. We would like for it just to say, "with or without a reasonable accommodation," period, because that's what the law says, and leave out that what she asked for is that meeting, because I don't think that that's necessary.

5

>MS. FOWLER: Your Honor, seeing as that's how we originally proposed it, we wouldn't object to that.
>
>THE COURT: Okay. So take out that she proposed at the assessment meeting . . . .

(Filing No. 185 at 9–10.)

Final Jury Instruction No. 19 ultimately read, "Under the ADA, Ms. Hirlston was 'qualified' if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without the reasonable accommodation she proposed." (Filing No. 173 at 21.) This same instruction was read on the record for the jury (Filing No. 185 at 136).

Hirlston argues the parties and the Court agreed that Final Jury Instruction No. 19 would end with the phrase "with or without a reasonable accommodation" and not include the phrase "she proposed," but the Instruction did include "she proposed," and it was read to the jury with those two words. Hirlston argues that she was not given an opportunity to object to the Instruction with "she proposed" before it was read to the jury. She argues the language was not agreed to by the parties and was a material, improper statement of the law. Hirlston argues that Final Jury Instruction No. 19 constituted a plain error because it was an incorrect statement of the law by including "she proposed" at the end. Both the employer and employee must engage in the interactive process to try to find a reasonable accommodation, and the language, "she proposed," suggests that Costco did not have to participate in the interactive process.  Hirlston asserts the jury should have decided if she was qualified whether a reasonable accommodation existed and regardless of who proposed it, but the jury found she was not qualified with the inclusion of the phrase, "she proposed," so her substantial rights were affected by a plain error.

Regarding the final version of the verdict forms, the parties submitted proposed verdict forms, and Hirlston objected to Costco's proposed verdict forms on Hirlston's position that they did not track the Court's language in the jury instructions and did not "list everything."  When the

Court indicated that it was inclined to use Costco's version of the verdict forms, Hirlston again objected that they did not track the Court's jury instructions and should at least include the language from the instructions. The following colloquy took place:

> THE COURT: So lawyers, I'm going to give you guys five minutes to get together and give me a verdict form. And if not, I'll just use the one that I want to use; okay? So it's really to your benefit to work one out that you guys can agree on. So while they're [the jury] eating their lunch—
>
> MS. BLEVINS: We'll try to do that, Your Honor.
>
> THE COURT: Do that; okay? Do it. Don't try, do it so that you can have a verdict form that you're both happy with; okay?
>
> MS. BLEVINS: Thank you, Your Honor.
>
> THE COURT: All right, five minutes. So the—they've got their instructions and their evidence, and they're just waiting on their verdict forms. But they are eating their lunch, so you have a few minutes to get something together; okay?

(Filing No. 185 at 153). Thereafter, the trial was I recessed at 1:35 until 3:32, when the jury gave the bailiff notice that they had reached a verdict. On the record, and before bringing in the jury the Court stated:

> THE COURT: And for the record, lawyers, the parties were unable to agree on the verdict forms, as the court had requested, so the court did draft the verdict form's based on language proposed by both parties in their submissions to track the elements.

(Filing No. 185 at 154.)

Hirlston argues that the Court erred because it did not give her an opportunity to object on the record and outside the presence of the jury to the final version of the verdict forms. She contends that she did not see the final version until after the jury had started deliberating and the jury was permitted to reach a verdict based on verdict forms to which Hirlston did not have an opportunity to object.

The final version of the verdict forms given to the jury had as the first question, "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015?" (Filing No. 177; Filing No. 178.) Hirlston argues that had she been given the opportunity to object to the verdict forms, she would have objected to both of the verdict forms for omitting the language "either with or without the reasonable accommodations" in the first question, which would have corresponded with Final Jury Instruction No. 19. Hirlston argues the verdict forms should have asked, "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015 either with or without reasonable accommodations?" Hirlston contends that, because she was not given the opportunity to object to the final version of the verdict forms and they did not include the language "either with or without the reasonable accommodations," she should be given a new trial or provided relief from the Final Judgment.

Concerning two photographs that were offered as evidence by Costco and admitted by the Court (Exhibits 223 and 224), Hirlston argues that in October 2020 and May 2021, she asked Costco to supplemental its discovery responses, and she asked in a motion in *limine* that the Court exclude from trial any documents not produced by Costco during discovery, which the Court granted (Filing No. 118 at 6). The jury trial began on June 7, 2021, and in the evening of June 7 after the first day of trial concluded, Costco produced the two photographs of cubbies in the optical department, and the photographs had not been produced previously. On June 8, 2021, Costco used these photographs during trial as demonstrative exhibits but then immediately sought to have them admitted as evidence. Hirlston twice objected on the record to these photographs based on a lack of foundation and whether the cubbies had changed between November 2015 and when the photographs were taken. The Court overruled the objections and admitted the photographs into evidence (Filing No. 184 at 67–70).

Hirlston now argues that the photographs should not have been admitted because they were not produced during discovery (and thus were to be excluded under the Order in *limine*), and she again argues that they should not have been admitted because a proper foundation was not established. She contends that the testimony given to support the photographs was equivocal. Hirlston argues that Costco used the two photographs to convince the jury that she was not qualified, which is the sole reason for the defense verdict, so the admission of the photographs adversely affected the outcome of the trial. Thus, Hirlston contends, this provides another basis for a new trial or relief from the Final Judgment.

Lastly, Hirlston argues the Court based its decision on her ADA retaliation claim on the findings of the jury, and because the jury's determination was based on an improper jury instruction, improper verdict forms, and the improper admission of evidence, the Court should reconsider and reverse its denial of Hirlston's ADA retaliation claim.

In response, Costco opposes a new trial or relief from the Final Judgment, arguing that Hirlston ignores the heavy burden that she faces to disturb a jury verdict and a final judgment. Costco also argues that Hirlston fails to provide a complete and accurate view of the record regarding the final jury instructions, verdict forms, and two admitted photographs. Costco asserts that there was no genuine error warranting relief, the jury was properly instructed, the verdict forms accurately presented the issues to the jury, and the photographs were not improper or prejudicial to Hirlston. Costco further asserts that the Court properly ruled on the retaliation claim because it was based on all the record evidence presented at trial and also in post-trial submissions.

Costco notes that, before trial, both parties submitted proposed jury instructions regarding the definition of "qualified" under the ADA, which became Final Jury Instruction No. 19. Hirlston's proposed instruction included the language, "either with or without the accommodations

9

she proposed of a grabber, a chair with a back, and periodic lifting assistance." (Filing No. 150 at 42.) At the end of trial, after discussing issues regarding the jury instructions on the record, the Court instructed each party to review the final instructions, telling the lawyers, "So go ahead and one lawyer, because you've got big teams, one lawyer view the instructions, one lawyer get ready for your closing arguments; okay?" (Filing No. 185 at 70.) The Court provided the parties twenty minutes to complete their final preparations. *Id.* The Court's clerk emailed a copy of the final proposed instructions to the attorneys, which included Final Jury Instruction No. 19 as it was subsequently read to the jury (Filing No. 198-1). The Court then asked the parties if they had a chance to "review the proposed final instructions in the final format?" (Filing No. 185 at 71.) Counsel for Hirlston told the Court that she was reviewing Instruction No. 19 (which she intended to say No. 20). The Court then explained, "On 19, all the Court did was remove, 'at the November 2015 job assessment meeting,' which you all agreed would be removed." *Id.* Counsel for Hirlston made no objection to Final Instruction No. 19 despite a lengthy colloquy with the Court regarding modifications to other instructions, including Final Instruction No. 20. *Id.* at 71–80.

  Costco also points out that each party submitted proposed verdict forms, and they had a lengthy discussion with the Court regarding the verdict forms. Hirlston objected to Costco's proposed forms because she believed they did not list everything and because they referenced a damages defense of good faith efforts. But then Hirlston acknowledged on the record that it was not necessary for the verdict form to track the jury instructions "because the Court has already given them those instructions, and they can follow them. And they're admonished to follow them." (Filing No. 185 at 146.) Costco asserts that the "Court's final verdict forms reflected the discussion between the parties and the Court, and the Court's ultimate determination after hearing the parties' respective positions." (Filing No. 198 at 5.)

Regarding the two photographs that were admitted as Exhibits 223 and 224, Costco asserts that it laid the proper foundation for the admission of the photographs, and the Court was satisfied with the foundation that was established because the Court decided to allow their admission. Hirlston's foundational concerns about the photographs were resolved by witness testimony. Costco points out that, while Hirlston complains now that the photographs were not produced earlier during discovery, just before Costco offered its photographs into evidence, Hirlston herself had introduced into evidence photographic exhibits that she had not disclosed in discovery and had not identified on her exhibit list. Hirlston's undisclosed photographs were admitted into evidence by the Court. Costco argues that Hirlston ignores the lengthy and clear testimony from Hirlston, her treating physician, and the Costco witnesses, which provided the basis for the jury's decision, which was not prejudicially affected by the two photographs. Costco also points out that Hirlston now argues the two photographs should not have been admitted because they were not relevant but then claims they go to the heart of the only issue decided by the jury. Costco asserts that Hirlston is wrong regarding the photographs.

After again reviewing the trial record, the parties' proposed final jury instructions, the Final Jury Instructions given to the jury, and the verdict forms, and after fully considering the parties' arguments, the Court agrees with Costco's position regarding Final Jury Instruction No. 19, the verdict forms, the admission of Exhibits 223 and 224, and the Court's Order on the ADA retaliation claim.

A complete and accurate review of the record makes clear that Hirlston was given an opportunity to review and object to Final Jury Instruction No. 19, and the Court even explained the change that was made to the Instruction, but Hirlston did not object. Importantly, the Instruction does not contain an inaccurate statement of the law. Including the phrase, "she proposed," does not

misstate the law about a reasonable accommodation. The Seventh Circuit pattern instruction includes the specifically requested accommodations, and Hirlston's initially proposed instruction included the language "she proposed;" Instruction No. 19 does not misstate the law. Furthermore, Costco asserts, the evidence at trial showed the parties had considered only accommodations proposed by Hirlston, so the Instruction was consistent with the evidence and could not have been prejudicial to Hirlston. Additionally, the instructions did not misstate the law regarding the interactive process and that both parties had to work together in that process. That instruction was provided in Instruction No. 21, which the Court had adopted from Hirlston's proposed Instruction No. 25 (Filing No. 173 at 23; Filing No. 150 at 49).

Likewise, the Court finds no error or misstatement of the law in the verdict forms. The Court encouraged the parties to confer and try to agree on verdict forms which they could both be happy with. The Court informed the parties on the record, that if they could not agree, it would determine the appropriate verdict form. Hirlston did not object to the Courts suggested procedure. Because the parties could not agree as the court had requested, the court drafted the verdict form's "based on language proposed by both parties in their submission to track the elements." (Filing No. 185 at 154.)

Hirlston argues that the first question on the verdict form should have included the phrase, "with or without a reasonable accommodation," but Instruction Nos. 17 and 22 instructed the jury about being qualified to perform the job and Instruction No. 19 went on to instruct the jury about qualification with or without a reasonable accommodation. As argued by Costco, there was no need to add the language, "with or without a reasonable accommodation," to the verdict forms. The verdict forms prepared by the Court were consistent with the Seventh Circuit's pattern special

verdict form for the qualification question. As Hirlston's counsel acknowledged during the trial, the verdict forms did not have to track everything on the jury instructions:

> Your Honor, since the Court already gave the jury the instructions and they have them in there, I don't think that it's necessary for them to have them when filling out a verdict form, because the Court has already given them those instructions, and they can follow them. And they're admonished to follow them.

(Filing No. 185 at 146.) There was nothing confusing about the verdict forms, and the jury never sent a note to ask a question about the forms. The jury deliberated for just over two hours, and the Court polled the jurors who confirmed that it was their verdict.

Finally, the Court again determines that Exhibits 223 and 224 were appropriately admitted into evidence after Costco laid a sufficient foundation. And Hirlston's argument regarding the Court's ADA retaliation decision is based upon her assertion that Final Jury Instruction No. 19, the verdict forms, and the admission of Exhibits 223 and 224 were erroneous, and the jury's decision provided the foundation for the Court's retaliation decision. In light of the Court's conclusion regarding Final Jury Instruction No. 19, the verdict forms, and the admission of Exhibits 223 and 224, Hirlston's ADA retaliation argument is without merit.

Hirlston has failed to satisfy her heavy burden to obtain a new trial following the jury verdict and to disturb the Final Judgment; therefore, her Motion must be **denied**.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff Karen R. Hirlston's Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60, (Filing No. 197), is **DENIED**.

SO ORDERED.

Date:   5/17/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Sara Eber Fowler
SEYFARTH SHAW LLP
sfowler@seyfarth.com

Kyla J. Miller
SEYFARTH SHAW LLP
kjmiller@seyfarth.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com